Vincent A. Lupiano, J.
This application was made pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice for dismissal of the complaint upon the ground that maintenance of the action is time-barred. This is a malpractice action. The last date of treatment is July 25, 1943; the action was commenced August 6, 1962. On that basis, it is and must be conceded that maintenance of the action is time-barred. However, plaintiff invokes the discovery rule as basis for computation of time which was rejected as a matter for legislative action in Schwartz v. Heyden Newport Chem. Corp. (12 N Y 2d 212). This motion was brought on by notice dated August 23, 1962. Plaintiff now relies on section 203 of the Civil Practice Law and Rules which states the discovery rule. It is not applicable to malpractice cases and nothing contained in the Civil Practice Law and Rules indicates a purpose to legislate it for applica *994 tion to such, cases. To the extent the problem was considered and acted upon, it is reflected in section 214 of the Civil Practice Law and Rules fixing the limitation at three years. To consider the limitation was increased and in addition imposed on the discovery rule is unsound. Moreover, it would be unjust and prejudicial to apply the Civil Practice Law and Rules rather than the Civil Practice Act provision (CPLR 10003). The urgent plea which plaintiff now makes was made in Schwartz (supra) and rejected. Plaintiff requests that the court adopt the reasoning of the dissenting opinion there. The Legislature has not done so and the court does not. The motion is granted.