Emmett J. Schwepp, J.
This is a motion by Ohio Medical Products (Ohio) and Aireo, Inc. to vacate service of the summons and dismiss the action against Ohio upon the ground that the court does not have jurisdiction over it or Aireo, Inc., a domestic corporation, of which Ohio is an unincorporated division, with headquarters in Wisconsin.
The action results from a claim that the use of a defective and unsafe microwave blood warming machine, designed and manufactured by Holaday Industries, Inc. and marketed by Ohio, resulted in the death of plaintiff’s intestate on November 18, 1970. This equipment was sold by Ohio to the University of Rochester, Strong Memorial Hospital, Rochester, New York, and used during surgery on October 30, 1970. A factual article relating to the specific incident, causing the death and upon which the within action is based, appeared in the New England Journal of Medicine under date of October 5,1971, where it was reported that “ The Ohio Model 987 microwave blood warmer, Ohio Medical Products, 1400 East Washington Avenue, Madison, Wisconsin used on the day of surgery was employed throughout ”. The article recorded that the manufacturer of the unit had been advised of the findings and “ has arranged to recall and equip all units with appropriate safety features ’ ’.
Possessed of this knowledge, plaintiff’s inquiry at the office of the Secretary of State of the State of New York resulted in information that Ohio had not filed the requisite certificate to do business in New York. Thus believing that Ohio was a foreign corporation not authorized to do business in this State, but nevertheless doing business here, plaintiff served the summons upon Ohio by serving a copy of the summons upon the Secretary of State of the State of New York pursuant to the provisions of section 307 of the Business Corporation Law. The copy of the summons and statement required by section 307, which was transmitted by plaintiff’s attorney to Ohio on October 11, 1972, was in turn referred by it to Aireo, Inc. in late October or early November, 1972. This was the only method attempted to effect service.
*622 By letter of November 3, 1972 the claims' manager of the Liberty Mutual Insurance Company, insurer of Aireo, Inc., confirmed a telephone conversation of that day with plaintiff’s attorney acknowledging a 30-day extension of the time to “ answer ”, apparently meaning to appear in the within action. This communication also confirmed his advice to plaintiff’s attorney that the carrier had been notified by “ our insured Aireo, Inc.” that Ohio, referred to as an unincorporated division of Aireo, had been named as one of the codefendants. Apparently a copy of the summons was then sent by Liberty Mutual to the attorneys now apearing for Ohio and Aireo, Inc., who made the within motion under date of November 30, 1972. On December 30, 1972 John C. Alletto, a Rochester attorney representing the Travelers Insurance Company, filed a notice of appearance on behalf of Ohio. Later an attempt was made to withdraw this appearance because Travelers had an insurance contract with Holaday Industries, Inc., but none with Ohio.
At the time of service, plaintiff assumed through inadvertence and mistake that Ohio was a foreign corporation and a principal responsible for the alleged torts in question. Plaintiff intended to serve and sue the principal responsible for the sale and distribution of the product in question. It now appears the proper party defendant is Aireo, Inc. Ohio and Aireo, Inc., however, “ are really the same entities in different guises ” (Geffen Motors v. Chrysler Corp., 54 Misc 2d 403, 404). Aireo, Inc. had notice of the action before the Statute of Limitations had run and from the nature of the claim knew that it was a party to be named and affected by it. (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 305.16.) Under the circumstances here presented the court must look beyond the fiction of Ohio which was created by Aireo, Inc. and hold that, in legal contemplation Ohio is an instrumentality of Aireo, Inc. and under its control and one is the other. The right party thus was served, received sufficient notice of this lawsuit and there was no possibility that Aireo, Inc. could have been deceived by the nature of the action or the identity of the real principal plaintiff sought to serve.
The method employed to serve the summons strictly complied with the statutory direction and had Ohio been an unauthorized foreign corporation, service would have been complete and effective. The fundamental object of all statutes relating to service of process is to facilitate service and give fair notice to the defendant of the institution of the action. Both Ohio and Aireo, Inc. actually received notice of the action. Plaintiff *623 acted in good faith, reasonably and diligently in attempting to serve process on.Ohio, and not only was the summons placed within the reach of Aireo, Inc. but in fact in its hands. (Cf. McDonald v. Ames Supply Co., 22 N Y 2d 111.) The reality of the service of process is more important than the form. Here Aireo, Inc. turned the process over to its insurance carrier, which is exactly what it would have done with the process had it been served either personally on an appropriate officer or pursuant to section 306 of the General Business Law. (Marcy v. Woodin, 18 A D 2d 944.)
Aireo, Inc. is properly in court by service upon its instrumentality and, by naming it as a party, no prejudice or adverse effect on the rights of Aireo, Inc. can result. The court has a wide latitude in correcting errors so long as no substantial rights are affected and it looks with tolerance upon errors and defects in pleading and practices, if they may he rectified without affecting the substantial rights of the litigants. This is not a case of adding a party, but the case of misnaming the right party. Thus the court corrects as a mistake the failure to name Aireo, Inc. as a defendant and directs that the title of the action be changed to designate Aireo, Inc. as defendant in place of1 Ohio Medical Products. (CPLR 305, subd. [c]; 2001.)
This holding that the court has jurisdiction does not encourage careless service, but rather in the interests of justice places the responsibility of defense where it belongs. The motion is denied and the court on its own initiative corrects.the title of this action to insert the name Aireo, Inc. in place of Ohio Medical Products.