Guy A. Graves, J.
The defendants Lawrence Marwill, M. D. and William E. Pickett, M. D. have moved for summary judgment pursuant to CPLR 3212 on the ground that the above-entitled action is barred by the applicable Statute of Limitations and on the ground that as to the defendant Pickett he was not properly served with process.
The court will first consider whether the defendant Pickett is subject to the personal jurisdiction of this court. It appears from the affidavits submitted by the parties that the facts concerning the service of a summons on the defendant Pickett are undisputed. The defendant Pickett was not personally served by the process server. It affirmatively appears that the process server did go to the said defendant Pickett’s office on October 2, 1972 and attempted to see the doctor who was present. The secretary advised the process server that the doctor would be unable to see her even for a minute or less of his time. The process server attempted to make an appointment but was told it would be impossible for him to see her at any time. The process server then advised the secretary of the purpose of the visit. The secretary then stated that she would accept the summons and see that the doctor personally received it. The doctor did receive the said summons the same day. The supporting affidavit of the process server affirmatively stated, without being controverted, that the “ doctor refused to see me and was being evasive, and because I was sure that the doctor would never see me, that I served the summons upon his Secretary and because the secretary assured me that she would give it to him and thus serve it upon the doctor at the first and earliest opportunity.”
The process server here acted reasonably and diligently in attempting to fulfill the statutory requirements of “ delivering the summons within the state to the person to be served ”. (CPLR 308, subd. 1.) Under the circumstances presented here, does the questioned service of process satisfy the statutory requirements of CPLR 308? In Green v. Morningside Hgts., Housing Corp. (13 Misc 2d 124, affd. 7 A D 2d 708) redelivery by the person wrongfully served was upheld where it was so close both in time and space that it can be classified as a part of the same act. (See, also, Ives v. Darling, 210 App. Div. 521; Marcy v. Woodin, 18 A D 2d 944; Caro v. Jones, 41 A D 2d 829; Nolan v. Ohio Med. Prods., 75 Misc 2d 620.) The whole purpose of service of process is to give notice to the defendant of *277 the institution of an action and it is accomplished under, circumstances presented here. There was also no showing of any prejudice or loss of' substantial right.
In the ease of McDonald v. Ames Supply Co. (22 N Y 2d 111) a process server on his own initiative left a summons with a building employee not employed by the defendant corporation, directing the said employee to deliver it to the managing agent of the corporation defendant later in the day. Although the building employee did deliver the summons, the Court of Appeals ruled the service as void. The court expressly excepted from its holding the cases where a process server has acted diligently but has been thwarted by the defendant in his attempt to comply literally with the service statute. “ In such cases, service is sustained even though the process server did not in fact hand the summons to the proper party ”. (McDonald v. Ames, 22 N. Y. 2d 111, 115 supra; see McLaughlin, Commentary to CPLR 308, C308:1; McKinney’s Cons. Laws of N. Y., Book 7B, pp. 204-206.)
It also appears that general notices of appearance were entered and an answer submitted on behalf of the defendant without any claim of prejudice or loss of a substantial right. The defendant Pickett’s motion in this respect is accordingly denied.
The Statute of Limitations question is basically raised and answered by the affidavits of the parties on the motion. The defendant doctors contend that more than three years elapsed from the occurrence of the alleged injury until the commencement of the action. The last professional service rendered by Dr. Marwill was on March 31, 1969 and the last professional service rendered by Dr. Pickett was on November 28,1967. The action was commenced on October 2, 1972. An action based on malpractice is governed by a three-year Statute of Limitations. (CPLR 214, subd. 6.) The plaintiffs seek to invoke one of the exceptions to the three-year statute as laid out in Flanagan v. Mount Eden Gen. Hosp. (24 N Y 2d 427) wherein it was held by the majority of the Court of Appeals that in a case where foreign object was involved the malpractice action did not accrue until the patient could reasonably discover the malpractice. This exception is generally known as the “ discovery rule ”. The other exception is the “ continuous treatment ” rule which is not involved here. The Flanagan case involved leaving of a.foreign object, i.e., surgical clamps in the plaintiff’s body. The patient discovered the clamps some eight years later and the court held that the Statute of Limitations started to run *278 from the time of discovery. In Dobbins v. Clifford (39 A D 2d 1) the court held that the discovery doctrine applied to cases where a bodily organ was injured during the course of an operation, but the fact of injury was not made known to or discovered by the plaintiff at that time but was discovered some four years later. (See, also, Murphy v. St. Charles Hosp., 35 A D 2d 64.) The plaintiff here by affidavit alleges as to the defendant Dr. Pickett that as a consequence of his alleged negligence during an operation on January 18, 1966 a foreign object in the form of lenticular debris was left within the left eye and that the same was not discovered until November, 1969 following corrective surgery in an effort to repair damage done by the defendant doctors. The plaintiff’s claim against Doctor Marwill is that a prior operation in 1968 by said Dr. Marwill resulted1 in damage to the nerve in the left eye during a surgical procedure involving discission of the secondary membrane. This was not discovered allegedly by the plaintiff until some time in November, 1969.
The present authorities cited herein establish that the statutory period of limitations should not begin to run until the plaintiff could reasonably know that he had a cause of action and are cases wherein the liability does not rest upon questions of credibility or professional diagnostic judgment or discretion.
The court here has examined the complaint and has found.it to be of a very general nature without any specificity as to lenticular debris in the left eye or the nerve injury to the left eye. The failure to allege such specifics in the complaint makes it vulnerable to a motion of this nature. The affidavits submitted by the plaintiff are no substitute for the necessary allegations in the complaints.
The causes of action contained in the complaint are also subject to being dismissed on the ground that the causes of action therein are barred by CPLR 203 (subd. [f]) which, in part, provides as follows: “ (f) Time computed from actual or imputed discovery of facts. Except as provided in article 2 of the uniform commercial code, where the time within which an action must be commenced is computed from the time when facts were discovered or from the time when facts could with reasonable diligence have been discovered, or from either of such times, the action must be commenced within two years after such actual or imputed discovery or within the period otherwise provided, computed from the time the cause of action accrued, whichever is longer.”
*279 The application of CPLR 203 (subd. [f]) was not in issue nor discussed in any of the above-cited cases. The Flanagan case {supra) merely decided that the malpractice Statute of Limitations is tolled until discovery. Therefore, where a foreign object has been negligently left in the patient’s body, the Statute of Limitations will not begin to run until the patient could have reasonably discovered the malpractice. The Flanagan case, in effect, has tolled the malpractice Statute of Limitations until the patient could have reasonably discovered the malpractice. The Court of Appeals in the Flanagan case has applied the same reasoning and logic that is applied to cases involving fraud, that is, that the time for commencement of a fraud action is postponed until the plaintiff discovered the fraud or could with reasonable diligence have done so. (E.g. CPLR 213, subd. 9.)
The plaintiff, in the case before the court, contends that he did not learn of the alleged negligence of the defendants prior to November, 1969 and that this action was commenced in October, 1972 and that therefore the three-year Statute of Limitations covering malpractice is the applicable statute. The plaintiff further contends that pursuant to the discovery doctrine enunciated by the Flanagan case the claim does not accrue until the plaintiff discovers that he has been damaged and that the-damage is a result of negligence and that, therefore, the cause of action does not accrue until both of these elements of the cause of action have become known to the plaintiff. He, therefore, claims that even though the plaintiff may have discovered his damage in November, 1969 he did not discover the second element of this cause of action, i.e. negligence until September, 1972 after he consulted an attorney and that consequently the Statute of Limitations did not start to run until the later date. This is not the rule of the Flanagan case or of any of the discovery cases involving malpractice in the State of New York. In the present case, it affirmatively appears that the plaintiff Slagen knew he was damaged in 1969. The plaintiff has affirmatively set forth in his affidavits that he knew he had a potential cause of action in November, 1969. In this instance, the fact that he may have consulted with an attorney at a later date does not toll the statute beyond the date he could have reasonably discovered the alleged malpractice.
CPLR 203 (subd. [f]) by its terms is not limited solely to a cause of action in fraud. The only cited case interpreting said section in a medical malpractice case is Monko v. St. John’s Queens Hosp. (41 Misc 2d 993). The court there held that CPLR 203 was not applicable to medical malpractice cases. That case *280 antedated the Flanagan decision and does not reflect the decisional law of the State of New York governing malpractice cases.
This instant case is one of first impression involving an interpretation of CPLR 203 (snbd. [f]) since the Flanagan decision and other malpractice cases involving a postponement or tolling of the Statute of Limitations. In this respect, Joseph M. McLaughlin, Survey of New York Law, 21 Syracuse L. Rev. 709, made the following observation at page 716: “ Probably because it was unnecessary to the decision, the majority opinion in Flanagan contains no reference to CPLR Section 203 (f) which provides an alternative formula of two years from discovery in cases where the statute of limitations is tolled pending dis- • coyery of the wrong. Since Section 203 (f) appears to be of general applicability, there is no reason why it should not serve as a further limitation upon the new malpractice rule so that, in foreign object cases, the statute of limitations will henceforth be three years from commission of the malpractice or two years from the discovery (actual or constructive), whichever is longer.”
The Legislature of this State has had ample opportunity to enunciate a new rule placing outside limits on the Flanagan case. It still has the opportunity to place an outside limit on the time for bringing a malpractice action involving the “ discovery doctrine ” and in the absence of such action on its part, the court must construe the application of the existing Statutes of Limitation. Here it is the determination of the court based upon the pleadings and the affidavits submitted on the motion that the plaintiff’s cause of action in malpractice or malpractice based on the doctrine of “ informed consent ” accrued in November, 1969 and that the limitation set forth in CPLR 203 (subd. [f]) requires that the plaintiff’s action be commenced within “ two years after such actual or imputed discovery or within the period otherwise provided, computed from the time the cause of action accrued, whichever is longer.”
Under this interpretation, the plaintiff’s claim became barred in November, 1971 which was two years subsequent to its discovery or when it could have been reasonably discovered by the plaintiff.
The defendants ’ motion for the granting of a summary judgment and dismissal of the complaint is accordingly granted.
An order may be submitted.