SERENE CLOSE, as Executrix of GEORGE CLOSE, Deceased, Respondent, v UPSTATE MEDICAL CENTER, Defendant, and FRED G. CALDWELL, JR., Appellant.

Fourth Department, May 14, 1976

*Martin, Ganotis, Amsler & Brown (Edward J. Amsler* of counsel), for appellant.

*Mazza, Williamson & Clune (Robert Clune* of counsel), for respondent.

GOLDMAN, J. On March 16, 1965 George Close underwent

an operation at the defendant the Upstate Medical Center (not a party to this appeal) for the amputation of his right leg. Defendant Fred G. Caldwell, Jr., M.D. performed the surgery, during the course of which a surgical clamp was left within Close's body. Close allegedly did not become aware of the presence of the clamp until August 26, 1971, at which time exploratory surgery was performed and the clamp removed. Plaintiff Serene Close, executrix of the estate of George Close, commenced this medical malpractice action against defendant Caldwell in December of 1973 by service of a summons and complaint. Defendant Caldwell raised an affirmative defense of the Statute of Limitations in his answer and thereafter, pursuant to CPLR 3212 moved for summary judgment on the same basis, contending that CPLR 203 (subd [f]) barred the action. Special Term denied this motion and granted plaintiff's cross motion to strike defendant's affirmative defense of the Statute of Limitations.

The sole issue in defendant Caldwell's appeal of Special Term's determinations is whether, in foreign object medical malpractice cases, CPLR 203 (subd [f]) rather than CPLR 214 (subd 6) operates as the applicable Statute of Limitations, thus giving plaintiff two years rather than three years from the date of discovery in which to commence her action.

In the Court of Appeals decision of *Flanagan v Mount Eden Gen. Hosp.* (24 NY2d 427) the "discovery rule" was first applied in this State to foreign object medical malpractice cases. The rule, as enunciated in *Flanagan,* (p 431), is that "where a foreign object has negligently been left in the patient's body, the Statute of Limitations will not begin to run until the patient could have reasonably discovered the malpractice". Since the plaintiff in *Flanagan* commenced her action four months after her discovery of the foreign object, the court did not need to address the question of whether CPLR 203 (subd [f]) rather than the then existing medical malpractice Statute of Limitations set forth in CPLR 214 (subd 6) would thereafter measure the time within which this type of medical malpractice action could be brought. The court clearly indicated, however, that it viewed its decision as limited to altering the *time of accrual* of foreign object medical malpractice cases from the date on which the act of malpractice occurred to the date on which the malpractice could have been reasonably discovered by the patient. In that four to three decision Judge KEATING, writing for the major-

ity, pointed to the fact that although the Legislature defined the Statute of Limitations in medical malpractice actions, the definition of accrual of the cause of action had always been of judicial origin. Any change in the definition of accrual by the judiciary, therefore, would not be subject to a charge of invasion of the legislative prerogative.

In the minority opinion Judge BREITEL bottomed his dissent on the position that "a statute and not a decisional rule of the common law is involved" (p 436). Both opinions stated that the question of limitation of the period in which to bring malpractice actions was being considered by the Legislature, but each writer gave different significance to these deliberations of the Legislature. In 1975 the Legislature enacted CPLR 214-a which, in pertinent part, provides that "[a]n action for medical malpractice must be commenced within two years and six months of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure; provided, however, that where the action is based upon the discovery of a foreign object in the body of the patient, the action may be commenced within one year of the date of such discovery or of the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier." (Added by L 1975, ch 109, § 6.)

Since the enactment of CPLR 214-a the question here involved has not been considered by any appellate court of our State. In *Dobbins v Clifford* (39 AD2d 1) we followed the rationale of *Flanagan* but made no reference to CPLR 203 (subd [f]). We stated the following (p 2): "The general rule in malpractice actions is that the cause of action accrues on the date the alleged act of malpractice occurs, even though it may not be discovered until after the three-year Statute of Limitations has run *(Schwartz v. Heyden Newport Chem. Corp.,* 12 NY2d 212). There are two recognized exceptions to the general rule. One is the 'continuous treatment' exception *(Borgia v City of New York,* 12 NY2d 151) and the other is the 'foreign object' exception *(Flanagan v. Mount Eden Gen. Hosp.,* 24 NY2d 427)."

In *Flanagan* the court, in explaining its reason for carving an exception to the limitation of three years after the act of negligence, made this cogent observation (p 430): "It is clear now that a fundamental difference exists, for the purpose of the Statute of Limitations, between negligent medical treat-

ment and medication cases and cases involving negligent malpractice of physicians or hospitals in which a foreign object is left in a patient's body. In the latter no claim can be made that the patient's action may be feigned or frivolous. In addition, there is no possible causal break between the negligence of the doctor or hospital and the patient's injury."

Until changed by the Legislature in 1975 all malpractice actions were governed by a three-year Statute of Limitations. Until the Legislature expressed a different intent, what logical reason could there be for giving a party one year less in which to bring his action (CPLR 203, subd [f]) in cases where "no claim can be made that the patient's action may be feigned or frivolous"? That a distinction was made in CPLR 214-a can well be explained and understood in the crisis climate of the greatly increased medical malpractice insurance rates currently existing.

To examine appellant's contention that CPLR 203 (subd [f]), the discovery statute, is controlling, we turn to rules of construction and interpretation. To adopt appellant's argument would deprive the plaintiff of her right to her day in court on an unfeigned and unfrivolous action by reason of a narrow and limited construction. "Prominent among the objectionable consequences sought to be avoided in the construction of statutes are hardship and injustice, and courts will take into consideration the fact that one construction will lead to hardships which another would avoid" (McKinney's Cons Laws of NY, Book 1, Statutes, § 146, pp 297-298). The hardship and mischief which would be visited on plaintiff if appellant's argument should prevail is too obvious to require explanation.

CPLR 203 (subd [f]) is a general statute which makes no reference to any particular type of substantive cause of action. Other statutes dealing with a particular action, such as the time limitation from date of discovery in fraud actions (CPLR 213, subd 8) are examples of exceptions to the general discovery statute. Only one case has been reported since *Flanagan* which has held CPLR 203 (subd [f]) controlling *(Slagen v Marwill,* 78 Misc 2d 275). Although decided before *Flanagan,* we agree with the determination in *Monko v St. John's Queens Hosp.* (41 Misc 2d 993, 994) which held CPLR 203 (subd [f]) inapplicable to malpractice actions.

The Legislature in enacting section 214-a indicated its intention to change the three-year period provided for in CPLR 214 (subd 6). In doing so it gave no indication that it thought

CPLR 203 (subd [f]) related to the question of discovery in malpractice actions. The Legislature's action followed soon after controversies arose as to the interpretation of an original act and demonstrated a desire and intent to change that statute (CPLR 214, subd 6).

We conclude that sound rules of construction and basic considerations of fairness, which abhor hardship and injustice, make CPLR 214 (subd 6) applicable to the instant case. The order should be affirmed.

MARSH, P. J., MOULE, CARDAMONE and WITMER, JJ., concur.

Order unanimously affirmed, with costs.