■ FASHION PAGE, LTD., Respondent, v ZURICH INSURANCE COMPANY et al., Appellants, et al., Defendants.—Motion by plaintiff-respondent for consolidation of two appeals by defendants in this consolidated action is granted, without costs. Order, Supreme Court, New York County, entered August 3, 1978, in Action No. 1 (Index No. 23845/76), confirming report of Referee and denying defendant Zurich's motion to dismiss for lack of jurisdiction over the person of said defendant, is unanimously affirmed, without costs. Order, Supreme Court, New York County, entered November 7, 1977, in Action No. 2 (Index No. 14636/77), denying defendants', Zurich, Scanlon and Robertson, motion to dismiss the second cause of action pursuant to CPLR 3211 as insufficient in law, and granting said motion as to the third cause of action to the extent of striking said cause of action with leave to plaintiff to replead, is unanimously modified, on the law, to the extent of granting the motion to dismiss the second cause of action in the complaint in Action No. 2, without prejudice to an application by plaintiff at Special Term for leave to replead on a proper showing of evidentiary facts sufficient to satisfy the court that plaintiff has good ground to support its cause of action (CPLR 3211, subd [e]), and the order is otherwise affirmed, without costs. As to the claim of improper service, in our view Ms. Robertson, the executive secretary of the vice-president in charge of Zurich's office, was, on the facts of this case, an "agent authorized by appointment * * * to receive service". (CPLR 311, subd 1.) The statute does not require that such an authorization be in writing. (Cf. CPLR 308, subd 3.) At least with respect to a defendant who is amenable to service within the State, the chief function of the service of process is to give the defendant notice of the commencement of the action. With respect to service on an agent of a foreign corporation, Judge Cardozo said: "If the persons named are true agents, and if their positions are such as to lead to a just presumption that notice to them will be notice to the principal, the corporation must submit" *(Tauza v Susquehanna Coal Co.,* 220 NY 259, 269). In such circumstances, liberality in determining the validity of service has been urged. (Cf. 1 Weinstein-Korn-Miller, NY Civ Prac, par 311.04.) In the present case, the defendant is an insurance company with an office in New York, as to whom arrangements for receipt of service of process must be in the regular course of its business. The receptionist designated by defendant to receive and direct business visitors directed the process server to the secretary of the vice-president in charge of the office, such vice-president being clearly a

person on whom process might be served. The vice-president was out, and in accordance with what was apparently the regular practice in that office, the secretary received the service of the summons, stating in substance that she was authorized to do so. There is no suggestion that the summons was not immediately forwarded by her to the attorneys for defendant. In these circumstances, we think that she was an agent authorized by appointment to receive service. We deem the second cause of action in the complaint in Action No. 2 to be insufficient in law. All that is alleged in this cause of action is that defendant Ms. Robertson stated that she was authorized to receive service of the summons on behalf of defendant Zurich and that she did so, and that she was secretary to defendant Scanlon; that defendant Zurich moved to dismiss the action on the ground of improper service of process claiming that Ms. Robertson did not have such authority; and beyond that there are merely conclusory references to a conspiracy to deprive plaintiff of its contractual rights. A pleading must still state "the material elements of each cause of action" (CPLR 3013). The Court of Appeals has recently recognized the insufficiency of a complaint which fails "to allege a necessary element of the cause of action" (Lanzi v Brooks, 43 NY2d 778, 780). The question is whether the complaint "states in some recognizable form any cause of action known to our law." (Dulberg v Mock, 1 NY2d 54, 56; Edwards v Codd, 59 AD2d 148, 149.) The second cause of action in the present complaint does not allege whether Ms. Robertson was or was not authorized to accept service; whether she spoke truthfully, falsely or negligently; what defendant Scanlon did; or what defendant Zurich did besides moving to vacate service. This cause of action fails to state in recognizable form any cause of action known to our law. The third cause of action, on the other hand, while poorly pleaded, contains enough possibility of a cause or causes of action so that we think Special Term had discretion to permit plaintiff to replead. The amended pleading is not before us. Only defendant has appealed so that the only question before us on this phase of the case is whether Special Term should have permitted plaintiff to replead. Concur—Birns, J. P., Sandler, Bloom, Lupiano and Silverman, JJ.