■ WESTON BANKING CORPORATION, Appellant-Respondent, v TURKIYE GARANTI BANKASI, A.S., Respondent-Appellant. — Order, Supreme Court, New York County (Gammerman, J.), entered September 4, 1980, from which plaintiff appeals the denial of its motion for summary judgment and defendant cross-appeals the denial of its cross motion to dismiss or for summary judgment, unanimously modified, on the law, to grant plaintiff's motion for summary judgment and otherwise affirmed, with costs and disbursements to plaintiff. On or about July 9, 1976, defendant, a Turkish bank, executed a promissory note in Istanbul in favor of plaintiff, a Panamanian corporation. (Neither party does business in New York.) The note evidenced a loan from plaintiff of 500,000 Swiss francs at interest of 9% per annum and provided: that the principal be repaid on July 9, 1979; that interest and principal be paid at Chemical Bank in New York City by "a cable transfer to Switzerland in lawful currency of the Swiss Federation"; that "the [defendant] accepts jurisdiction of the courts in the City of New York/USA and in the event of judicial or extrajudicial claim or summons of any nature establish their legal domicile at the Chemical Bank, International Division, New York City, New York-U.S.A."; that the holder might also, at its option, bring suit in the Turkish courts in Istanbul; that "this promissory note is issued under communique number 164, published by the Ministry of Finance in the Official Gazette dated May 5, 1976, No. 15578". Defendant made all the interest payments between July, 1976 and July, 1979, but the note, when presented for payment in July, 1979, was not paid. Defendant admits its liability but contends that it is unable to pay in Swiss francs because of Turkish Ministry of Finance foreign exchange currency regulations and that plaintiff's only "recourse is to be repaid in Turkish lira". Based on defendant's consent to New York jurisdiction, plaintiff moved for summary judgment in lieu of a complaint on "an instrument for the payment of money only" (CPLR 3213). No effort was made to serve the summons directly on defendant. It was served on a bank officer of Chemical Bank in New York City, who mailed it and the accompanying papers to defendant. Defendant cross-moved to dismiss or for summary judgment on the grounds of: lack of jurisdiction over defendant by improper service of process; a defense based on documentary evidence; and another action pending. While the note does not explicitly appoint Chemical Bank defendant's agent for the service of process, the appointment is implicit in its establishment of defendant's legal domicile at Chemical Bank in New York "in the event of judicial or extrajudicial claim or summons of any nature". Otherwise, this clause would be meaningless surplusage, and the court should not construe an instrument in a way that will leave a provision meaningless (*Corhill*

*Corp. v S. D. Plants, Inc.,* 9 NY2d 595, 599). The speedy transmission of the summons and notice by Chemical Bank to defendant's home office obviates any claim by defendant of lack of knowledge of the commencement of the action (see *Fashion Page v Zurich Ins. Co.,* 69 AD2d 787). The defense of documentary evidence centers on Turkish currency regulations prohibiting repayment of loans in foreign currency, act of State doctrine, and the Bretton Woods Agreement of 1945. The Turkish regulations are inapplicable. It was the intention of the parties to free the note of such regulations by granting New York jurisdiction, making it payable in Swiss francs, and by expressly providing that it be paid "clear of all restrictions of whatsoever nature imposed thereon by * * * the Republic of Turkey". We are shown no authority holding that an act of State may defeat repayment of a note by one who has conceded jurisdiction outside the State and that is payable outside the State in a currency other than that of the State. The Bretton Woods Agreement is inapplicable since the repayment of the note does not involve the use of Turkish currency contrary to Turkish control regulations. Communique No. 164, under which the note was issued, imposes no conditions on repayment; it simply authorizes issuance of a note payable in foreign currency. In summary, these documents cited by defendant cannot impose conditions on a note unconditional on its face (see *Friedman v Airlift Int.,* 44 AD2d 459). The action pending between the parties is a proceeding commenced by plaintiff in Switzerland when defendant did not pay the note. It seeks garnishment of certain of defendant's assets in that country. That action does not mandate a dismissal of this action absent a showing by defendant that the issues here will be adjudicated there (*ABKCO Inds. v Lennon,* 85 Misc 2d 465, mod on other grounds 52 AD2d 435). Addressing other issues raised by defendant: the instrument is one for the payment of money only (see *Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136); the inability of defendant to pay Swiss francs goes to the enforceability of the judgment, not to whether a judgment should be entered. Since the court may enter judgment only in United States currency (*Matter of United Shellac Corp. [Jordan, Ltd.],* 277 App Div 147), plaintiff is entitled to dollar judgment at the rate of exchange prevailing on July 9, 1979, the date the principal became payable, with interest from July 9, 1979, at 6% per annum (CPLR 5001, 5002, 5004; see, also, 5 Weinstein-Korn-Miller, par 5004.01; Uniform Commercial Code, § 3-107, subd [2]). Concur — Kupferman, J. P., Carro, Lupiano, Silverman and Lynch, JJ.