OPINION OF THE COURT
John A. Milano, J.
issue:
In a proceeding to punish a landlord for contempt of court, is due process satisfied and does the court have jurisdiction where envelopes containing a copy of a preliminary court order directing correction of immediately hazardous code violations, to wit, lack of heat and hot water and a copy of an order to show cause why the respondent landlord should not be held in contempt of this court, both mailed to the premises of the said landlord by certified mail, return receipt requested, which subsequently are returned to the petitioner tenant marked respectively, “Undeliverable no mail facility” and “No mail recepticale” (receptacle)?
facts:
In this proceeding, petitioner, Jeffrey Silverstein, moves by order to show cause to punish the respondent landlord William Diaz for contempt of court by reason of the failure *598 of the said respondent to comply with the preliminary order of this court duly entered in the above-entitled proceeding on March 15, 1984, directing him to provide, inter alia, adequate heat and hot water as required by law. The said preliminary order was entered on the basis of the moving papers and the default and nonappearance of the said landlord who had been previously served a copy of the initial order to show cause on March 9, 1984 by certified mail which commenced these proceedings. A copy of the said preliminary order was mailed by certified mail, return receipt requested, on March 17, 1984 and a copy of the order to show cause to punish for contempt was mailed also by certified mail, return receipt requested, on March 22, 1984. Both envelopes were returned to the said petitioner, Jeffrey Silverstein, marked by the post office, “Undeliverable no mail facility” and “No mail recepticale” (receptacle), respectively. At the inquest the petitioner testified that he had gone to the premises of the landlord (the building adjacent to his own) and could not gain entrance, that the entrance door to the landlord’s apartment was locked and that there were no mailboxes, receptacles or other facilities available in the immediate area to the United States Postal Authorities for the delivery of any mail to the said landlord.
ANALYSIS AND THE LAW:
The purpose and nature of process, generally speaking, is to give notice and an opportunity to be heard. (Dobkin v Chapman, 21 NY2d 490.) It seeks to notify the defendant that an action is pending, fairly apprise him of its object and tell him, when, where and how he should respond. (Fashion Page v Zurich Ins. Co., 69 AD2d 787, affd 50 NY2d 265.)
Such notice is an absolutely fundamental requirement of due process. (US Const, 14th Arndt; Connell v Hayden, 83 AD2d 30.) But in affording any prospective respondent or defendant these constitutional and procedural safeguards, there is a corresponding duty created and imposed upon persons within the court’s jurisdiction to submit to the service of process. (Gumperz v Hofmann, 245 App Div 622, 624, affd 271 NY 544.)
*599 A landlord engaged in the business of providing facilities, space and services to tenants in return for rent cannot physically shield or isolate himself from the mandate of this court or any other court for that matter in order to escape the consequences of his actions or to defeat jurisdiction by either refusing to accept service by mail or preventing postal authorities, by acts of omission or commission on his part, from accomplishing their mail deliveries. (Bossuk v Steinberg, 88 AD2d 358, affd 58 NY2d 916.) Nor may he superimpose upon the requirements of statute his own additional requirements as a prerequisite to obtaining jurisdiction over his person (id.). In doing so, the landlord waives the constitutional protection of procedural due process required and mandated in the service of process such as summonses, petitions, precepts, subpoenas, orders to show cause and other process. If this court were to hold that the service of process had not been completed in the situation described above, then litigants would be barred from enforcing mandates of this court or any other court and the prime objective of the Housing Court, which is to enhance and preserve the housing stock of our city and to enforce code violations for the benefit of all tenants, in regard to their health, safety and welfare would be seriously impeded if not rendered nugatory and void. This court would not be able to ensure and enforce the adequate delivery of essential life sustaining and health-related services among which are adequate supplies of heat and hot water. The legal obligation of the landlord to comply with the Multiple Dwelling Law, Housing Maintenance Code, and administrative rules, codes and regulations are absolute and nondelegable and in this regard it includes a duty on the part of the landlord to maintain proper mail receptacles, mailboxes and facilities not only for his benefit but for the benefit of tenants and third parties, since mail flowing to the landlord in the operation of his rental business must obviously include, from time to time, notices by tenants and others of conditions in the premises constituting code violations as well as the initiation of a court proceeding or action by tenants, third parties or governmental authorities as in the instant case. And because the landlord has unfettered control of the premises, he cannot exculpate himself in the same manner as when a tenant is *600 unable to receive mail because of a lack of mail facilities or receptacles or broken mailboxes, the proper maintenance of which is the sole responsibility of the landlord.
Nor is this a case where the postal authorities did not deliver the certified mail in the first place. There is of course a presumption of official regularity and an item mailed will be presumed delivered. Where proof, however, is adduced that there has been no delivery of process by the testimony of a post-office employee responsible for the delivery of certified mail supporting the tenant’s contention that he never received the letter, the court may conclude that service was not properly effectuated notwithstanding proof of mailing. (Leland House v Wigfall, 98 Misc 2d 355.) But in the instant case and under the facts herein, the statutes dealing with service should be construed so as to give effect to their purpose especially where it is the landlord who by his own actions or inactions obstructs the course of due process. (See Chernick v Rodriguez, 2 Misc 2d 891.) The failure of the landlord to provide and to maintain proper receptacles for mail delivery by the post office, in a public area and physically accessible to postal authorities, constitutes, in the judgment of this court, a blatant, flagrant and willful refusal of process which he may not do and still claim that due process has been violated or that the court has no jurisdiction by reason thereof.
conclusion:
Accordingly, the court holds that there has been proper service under these circumstances and that the court maintains jurisdiction of these proceedings under the law. After inquest, and on the testimony and evidence adduced therein, this court finds the landlord, pursuant to article 19 of the Judiciary Law, in criminal contempt of this court and fines the landlord $1,500 for failure to provide heat and hot water in accordance with the court’s corrective order of March 15, 1984, and an additional $500 in punitive damages payable to the Department of Housing Preservation and Development forthwith.