Matthew KROETZ, Plaintiff,

v.

AFT–DAVIDSON COMPANY, formerly known as American Type Founders Co., Inc., Defendant,

and Another Action.

No. CV 81–3908.

United States District Court, E.D. New York.

Aug. 29, 1984.

Melvin Block, Brooklyn, N.Y., for plaintiff.

Morgan, Melhuish, Monaghan, Meyer, Arvidson, Arbrutyn & Lisowski, New York City, for defendant White Consol. Industries, sued herein as ATF-Davidson.

Rogan & Croutier, for third party defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is an action for negligence and strict liability. Defendant has moved to dismiss.

## I. FACTS

The summons and complaint name as the defendant in this action "ATF–DAVIDSON COMPANY, formerly known as AMERICAN TYPE FOUNDERS CO., INC." The complaint was answered by WHITE CONSOLIDATED INDUSTRIES, which uses "ATF-Davidson" as a trade name and manufactures the product which is the subject of this suit. The summons and complaint were served by Deputy Sheriff Thomas Fitzgerald on Philip Whitney, an employee of WHITE CONSOLIDATED INDUSTRIES, at a facility owned by WHITE CONSOLIDATED INDUSTRIES in Massachusetts. Mr. Whitney states that "at no time was I an officer, director, managing agent, cashier or assistant cashier of White Consolidated Industries; nor was I authorized by them to accept service of process." Mr. Fitzgerald states that:

> On January 4, 1982, I went to the office of ATF–DAVIDSON COMPANY, the defendants herein, for the purpose of serving a summons and complaint on said defendant.
>
> Upon arriving at said offices and stating the purpose of my visit to the receptionist there I was introduced to an individual identified by said receptionist and by the individual as PHILIP WHITNEY, Vice President and person authorized to accept service of process on behalf of said corporation.

It is undisputed that Mr. Whitney informed WHITE CONSOLIDATED INDUSTRIES of the receipt of the summons and complaint. WHITE CONSOLIDATED INDUSTRIES answered the complaint soon thereafter, asserting among other defenses the defense of lack of personal jurisdiction. Plaintiff did not attempt service a second time.

It is undisputed that, assuming the service herein did not stop the running of the applicable statute of limitations, this action would be time-barred today.

Defendant WHITE CONSOLIDATED INDUSTRIES is a Delaware corporation which does business in New York, among other places. Subject matter jurisdiction here is based upon diversity of citizenship, which indisputably exists.

## II. DISCUSSION

### A. USE OF IMPROPER NAME

### 1. APPLICABILITY AND INTERPRETATION OF FEDERAL LAW

It is clear that the name which plaintiff designates in the summons and complaint as the name of the defendant is not the correct name of any entity. Defendant contends that under New York law this use of an improper name would require dismissal of the complaint and that we are bound by such New York law.

■ The first issue is whether federal or state law governs the effect of the use of the improper name. Defendant argues that state law governs, relying upon *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1979, 64 L.Ed.2d 659 (1980). There, the Supreme Court held that where state law provides that an action is not commenced for statute of limitations purposes until service of the summons, a diversity action must be dismissed by a federal court if the summons was not served within the applicable statute of limitation. The Court reasoned that the state law requirement of actual service was an integral part of the state statute of limitations, and that Rule 3 of the Federal Rules of Civil Procedure (which provides that a federal action is commenced by the filing of a complaint rather than by service of a summons) is not intended to displace state statutes of limitations. *Walker* is not on point. In the instant case (assuming for the moment that the summons was served upon the right person), unlike in *Walker*, the summons was served within the applicable statute of limitations; defendant's objection is merely that the caption is improper. Nothing in *Walker*, however, implies that the form and content of a federal summons and complaint must correspond in every detail with that specified by state procedural law for use in state courts. The Supreme Court has explained that in a diversity case the Federal Rules of Civil Procedure govern. *Hanna v. Plumer*, 380 U.S. 460, 469–470, 85 S.Ct. 1136, 1143, 14 L.Ed.2d 8 (1965). Even when the Federal Rules provide no answer to a question, state law need not be applied unless necessary to discourage forum-shopping or avoid the inequitable administration of the laws. *Id.*, 380 U.S. 468, 85 S.Ct. 1142. In the instant case, portions of the Federal Rules of Civil Procedure bear on the significance of the use of improper names. Specifically, Rule 10(a) provides that "[i]n the complaint the title of the action shall include the names of all parties ...", and Rule 4(b) provides that "[t]he summons shall ... contain ... the names of the parties ..." We believe that the existence of these provisions requires the federal courts to develop a federal case law concerning the significance of the use of improper names.[1]

■ We find that application of the Federal Rules of Civil Procedure does not require dismissal of this action on the ground of plaintiff's use of an improper name. First, defendant WHITE CONSOLIDATED INDUSTRIES was put on notice of the fact

1. Although Rule 4(b) provides that the summons should correspond as nearly as possible to that required under state law when service is made pursuant to Rule 4(e), this fact is irrelevant here. Rule 4(e) deals with service upon a party not an inhabitant of or found within the state in which the District Courts sits. In the instant case, although service was made outside of New York, Rule 4(e) is inapplicable, since defendant does business in New York and so is "an inhabitant of or found within the state". Even assuming for the sake of argument that Rules 4(b) and 4(e) are applicable here, it is questionable whether Rule 4(b) requires that the summons correspond to the requirements of state procedural law even in those aspects of the summons (such as the names in the caption) which have no direct logical relevance to the assertion of long-arm jurisdiction.

that it was being sued by the fact that the name used in the summons and complaint is a trade name of the defendant. Second, said defendant was further put on notice of the fact that said defendant was being sued by the fact that said defendant manufactures the product which is the subject of this suit. Third, said defendant was in no way prejudiced as a result of the misnaming, as said defendant served an answer soon after the service of the summons and complaint. Since the summons and complaint gave said defendant adequate notice that it was being sued, and since no prejudice resulted from the misnaming, we find that it would be inequitable to construe the Federal Rules of Civil Procedure as requiring dismissal of this action.

■ Even assuming for the sake of argument that the Federal Rules of Civil Procedure do not require federal courts to develop a federal case law concerning the significance of the use of improper names, it does not follow that we are required to apply state law regarding this issue. When the Federal Rules of Civil Procedure are silent, a federal court in a diversity case need not apply state law where application of state law would not discourage forum-shopping or avoid the inequitable administration of the laws. *Hanna v. Plumer*, 380 U.S. 460, 469–470, 85 S.Ct. 1136, 1143, 14 L.Ed.2d 8 (1965). Since, despite plaintiff's unintentional use of an improper name, the summons and complaint provided defendant with notice that it was being sued, and defendant was in no way prejudiced by the misnaming, we find it inconceivable how application of a state law requiring dismissal (if such a law exists) would discourage forum-shopping or avoid the inequitable administration of the laws. We would therefore not dismiss this action.

2. APPLICATION AND INTERPRETATION OF STATE LAW IN THE ALTERNATIVE

■ Even assuming for the sake of argument that state law controls the significance of the use of the improper name, we would still find that this action should not be dismissed. New York procedural law is to be liberally construed. C.P.L.R. 104. A mistake in form is to be excused if no substantial right of a party is prejudiced. C.P.L.R. 2001. In *Nolan v. Ohio Medical Products*, 75 Misc.2d 620, 348 N.Y.S.2d 497 (Sup.Ct.1973), a New York court excused plaintiff's improper service on a corporate division rather than on the corporation itself. Such improper service was analogous to the instant improper use of defendant's trade name rather than defendant's corporate name. Although in *Provosty v. Lydia E. Hall Hosp.*, 91 A.D.2d 658, 457 N.Y.S.2d 107 (1982), *aff'd in relevant part, appeal dismissed in part*, 59 N.Y.2d 812, 451 N.E.2d 501, 464 N.Y.S.2d 754 (1983), an action was dismissed where service was made upon an unincorporated hospital rather than the hospital's owner and where the complaint improperly stated that the hospital was a corporation, that case is not on point. In that case, the owner of the hospital was not adequately notified that he was being sued personally, first because the owner was never served, and second because the complaint named a totally fictitious corporate entity as the defendant. In the instant case, by contrast, assuming for the moment that service was made upon the right person, defendant is in fact a genuine corporate entity, and so should have been alerted to the fact that a judgment was sought against its corporate assets by the complaint's designation of defendant's trade name as a "company" and as a defendant.

B. VALIDITY OF SERVICE

■ Defendant argues that service of the summons and complaint upon defendant's employee Philip Whitney was improper because Mr. Whitney is not an officer, director, managing agent, cashier or assistant cashier of the defendant and was not authorized to accept service of process on their behalf. Plaintiff has submitted an affidavit of the process server in which the process server states that Mr. Whitney represented himself as an officer of, and as being authorized to accept service of pro-

**938**

cess on behalf of ATF–DAVIDSON COM-PANY. "ATF-Davidson" is in fact a trade name employed by the defendant, and is not the correct name of any entity. Since defendant has not submitted any affidavit contradicting the process server's statement that Mr. Whitney so represented himself, we must regard the process server's statement as true.

The validity of service here is governed by Rule 4(d)(3) of the Federal Rules of Civil Procedure, which provides that service on a corporation is made by delivery of the summons and complaint to an officer, managing agent, general agent, or any other agent authorized to receive service of process. Since Mr. Whitney was in fact an employee of defendant, and since Mr. Whitney apparently represented himself as being authorized to receive process on behalf of "ATF–Davidson" (which was in effect a representation that he was authorized to receive process on behalf of the defendant), and since Mr. Whitney apparently did notify defendant of receipt of the summons and complaint, we find that equitable principles require that the service be deemed adequate under Rule 4(d)(3). *See Fashion Page, Ltd. v. Zurich Ins. Co.*, 69 A.D.2d 787, 415 N.Y.S.2d 416 (1979), *aff'd*, 50 N.Y.2d 265, 428 N.Y.S.2d 890, 406 N.E.2d 747 (1980) (analogous rule applied under state procedural law).

### III.  CONCLUSION

Defendant's motion to dismiss is denied. Plaintiff shall file an amended complaint within ten days of notice of this order, providing the correct name and citizenship of defendant.

SO ORDERED.