■ SULLIVAN COUNTY WHOLESALERS, INC., Appellant, v CORNWALL CONSTRUCTION CO., INC., et al., Respondents. — Appeal from that part of an order of the Supreme Court at Special Term (Cobb, J.), entered June 3, 1982 in Sullivan County, which denied plaintiff's motion for summary judgment against the individual defendant William Z. Landa. Plaintiff Sullivan County Wholesalers, Inc., a plumbing and heating supply house, seeks to recover from defendants the sum of $14,216.59 plus interest for plumbing and heating materials sold and delivered to the corporate defendant Cornwall Construction Co., Inc. (Cornwall), now insolvent. A judgment has been granted and entered against Cornwall. The individual defendant William Z. Landa has been sued individually as a guarantor of the debts owed by Cornwall to plaintiff. Plaintiff moved at Special Term for, *inter alia,* summary judgment against both defendants. The motion was granted as to the corporate defendant and denied as to defendant Landa. Special Term ruled that a trial was needed "to determine the party or parties who must pay plaintiff's 'costs of collection' and to determine the liability of the individual defendant upon the alleged agreement of indemnity". This appeal is only from so much of the order as denied summary judgment against the individual defendant on his personal guarantee. The order entered at Special Term should be reversed. Summary judgment should be granted in favor of plaintiff and against defendant Landa on the issue of defendant Landa's personal liability. Landa signed the document in question on February 27, 1981 in his private capacity without indicating that he was acting in any representative capacity. The language is clear on its face. Landa agreed to be personally liable for all credit extended to defendant corporation by plaintiff. The guarantee agreement appearing in bold type at the end of a confidential credit application above Landa's signature reads as follows:

"IN ORDER TO FURTHER INDUCE SULLIVAN COUNTY WHOLESALERS, INC. TO EXTEND CREDIT, TO Cornwall Construction Co., WE AGREE TO BE PRINCIPALLY AND PERSONALLY LIABLE FOR AND WE INDIVIDUALLY GUARANTY ALL CREDIT, NOW AND HEREAFTER TO BE EXTENDED TO Cornwall Construction Co. IN ADDITION, WE AGREE TO BE BOUND BY EACH AND EVERY TERM CONTAINED HEREIN AND CONSENT TO ANY FURTHER EXTENSION OF CREDIT AND/OR ACCELERATION OF AMOUNTS DUE OR ANY PART THEREOF OR THE RELEASE OF ANY PART THEREOF OR THE RELEASE OF ANY PARTY LIABLE FOR THE PAYMENT THEREOF OR OF ANY COLLATERAL THERETO, ALL WITHOUT NOTICE AND WITHOUT AFFECTING OR RELEASING THE LIABILITY OF ANY OF US, WHICH IS HEREBY DECLARED TO BE ABSOLUTE. WE ALSO AGREE TO PAY ALL COSTS OF COLLECTION, INCLUDING ATTORNEYS' FEES IN THE AMOUNT OF 30% OF THE UNPAID BALANCE OF PRINCIPAL AND INTEREST.

| 2-27-81 | WILLIAM LANDA |
|---------|---------------|
| DATE | SIGNED" |

The intention of the parties is clear from the above-quoted language and defendant Landa is bound by it. To hold otherwise would be to frustrate the legitimate object of the guarantee signed by Landa to induce plaintiff to extend credit to Cornwall (*Mencher v Weiss,* 306 NY 1). Since the guarantee is not ambiguous and defendant clearly signed in his individual capacity without any qualification, there is no triable issue of fact as to Landa's liability. Plaintiff is clearly entitled to entry of summary judgment in its favor. Order modified, on the law, by reversing so much thereof as denied plaintiff's motion for summary judgment against defendant William Z. Landa on the issue of his personal liability under the guarantee, and motion granted as to said defendant, and, as so modified, affirmed, with costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.