■ CITIBANK (NEW YORK STATE), N. A., Respondent, v SAUL SCHAFFRAN, Doing Business as S. S. & G. CONSTRUCTION COMPANY, Defendant, and JOSEPH P. MOSEY, JR., Appellant. — Order unanimously affirmed, with costs. Memorandum: Special Term granted a motion for summary judgment to plaintiff Citibank against defendant Schaffran for $31,973.99 and against defendant Mosey for $22,000 (CPLR 3213). Only defendant Mosey appeals. He argues that the guarantee he signed on October 4, 1978 was intended to guarantee payment of a bank note executed the same day by Schaffran to Citibank for $22,000 and that the note has been paid in full. Mosey contends that he never meant to guarantee any of Schaffran's prior obligations to Citibank. However, the language of the guarantee is clear, unambiguous and unconditional and obligates Mosey to guarantee payment to Citibank "[f]or and in consideration of any existing indebtedness to you of S.S. & G. Construction * * * upon which the Borrower [Schaffran] is or may become liable * * * [for] each and all of the Obligations." Since the intention of the parties is clear from this language, there is no triable issue of fact and Citibank is entitled to summary judgment (*Sullivan County Wholesalers v Cornwall Constr. Co.,* 90 AD2d 914; see, also, *Rhodia, Inc. v Steel,* 32 AD2d 753). We do not find any evidence of ambiguity in

the moving papers which would permit introduction of parol evidence or warrant a trial (*Metropolitan Bank of Syracuse v Brennan,* 48 AD2d 254, 257). (Appeal from order of Supreme Court, Erie County, Wolf, J. — summary judgment.) Present — Dillon, P. J., Callahan, Boomer, Green and Schnepp, JJ.