■ In the Matter of CITY OF UTICA, Respondent, v RUSSELL BRENON et al., Appellants. [789 NYS2d 794]—

Appeal from a judgment of the Supreme Court, Oneida County (John W. Grow, J.), entered September 12, 2003. The

judgment, after a nonjury trial, granted the petition and awarded petitioner the amount of $12,402.06.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the petition is dismissed.

Memorandum: Petitioner, City of Utica, commenced this proceeding seeking, inter alia, judgment for the costs that it incurred in removing allegedly hazardous debris from respondents' property. Supreme Court erred in denying respondents' motion to dismiss the petition and granting petitioner judgment against respondents for the costs incurred by petitioner.

Petitioner charged respondents with, inter alia, a violation of Utica City Code § 2-17-2 by maintaining or allowing a public nuisance at their property. Petitioner allegedly served respondent Russell Brenon personally on June 20, 2002 with an emergency abatement order that required that the nuisance be abated "on or before" June 26, 2002 or petitioner would abate it and bill respondents. Nevertheless, on June 26, 2002, at about 7:00 A.M., petitioner initiated abatement procedures without the permission of respondents. Petitioner concedes that it began its abatement procedures prior to expiration of the deadline given to respondents to abate the nuisance.

Where, as here, the language of a document is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used (*see e.g. Citibank [N.Y. State] v Schaffran*, 96 AD2d 726 [1983]). By the language of the order, respondents had the entire day on June 26, 2002 to abate the allegedly hazardous condition at their property, and petitioner had no right to enter the property on June 26, 2002 for the purpose of carrying out the abatement. Because petitioner began its abatement procedures before allowing respondents the time set forth in the order to abate the nuisance themselves, petitioner cannot now recover the costs that it incurred from respondents, whose motion to dismiss the petition should have been granted (*see generally LaRossa, Axenfeld & Mitchell v Abrams*, 62 NY2d 583 [1984]). Present—Hurlbutt, J.P., Kehoe, Gorski, Pine and Hayes, JJ.