**BFAM Asian Opportunities Master Fund, LP v Zhongrong Intl. Resources Co., Ltd.**

2024 NY Slip Op 32666(U)

July 31, 2024

Supreme Court, New York County

Docket Number: Index No. 654192/2022

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------------X

BFAM ASIAN OPPORTUNITIES MASTER FUND, LP,

                           Plaintiff,

                     - v -

ZHONGRONG INTERNATIONAL RESOURCES CO.,
LTD., ZHONGRONG XINDA GROUP CO., LTD.,
LUCKYWAY CREATION LIMITED, CHOICE SUCCESS
GLOBAL LIMITED, ERA NOVA DEVELOPMENT S.A.

                       Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654192/2022 |
| **MOTION DATE** | 02/26/2024, 02/26/2024 |
| **MOTION SEQ. NO.** | 008 008 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 008) 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182

were read on this motion for                   REARGUMENT                .

The following e-filed documents, listed by NYSCEF document number (Motion 008) 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182

were read on this motion for              SUMMARY JUDGMENT            .

      Plaintiff BFAM Asian Opportunities Master Fund, LP ("Plaintiff") moves for renewed Summary Judgment against Defendants Zhongrong International Resources Co., Ltd. ("Zhongrong International"), Luckyway Creation Limited ("Luckyway"), and Choice Success Global Limited ("Choice Success") (collectively, "the Answering Defendants"), following a period of targeted discovery authorized by this Court in its Decision and Order on Mot. Seqs. 004 and 005 (*see* NYSCEF 135).[1]  For the following reasons, Plaintiff's motion is granted.

_____

[1] The Court agrees with Plaintiff in that this motion is not subject to CPLR 2221 because the Court specifically authorized renewal of summary judgment following discovery.

**654192/2022  BFAM ASIAN OPPORTUNITIES MASTER FUND, LP vs. ZHONGRONG INTERNATIONAL RESOURCES CO., LTD. ET AL**
**Motion No.  008 008**

**Page 1 of 6**

## DISCUSSION

Summary judgment is appropriate when the moving party "make[s] a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact." (*Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP*, 26 NY3d 40, 49 [2015], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "If the moving party produces the requisite evidence, the burden then shifts to the nonmoving party to establish the existence of material issues of fact which require a trial of the action." (*id.* [citation and quotation marks omitted]).

At the October 30, 2023 argument, the Court stated it was "inches away" from granting Plaintiff's first Summary Judgment motion (*see* NYSCEF 138 [Hearing Transcript ("Tr.")] at 41:12-15), but decided to "permit a month or so of targeted discovery simply to tie up the evidentiary loose ends," particularly "technical evidentiary points" about whether the "beneficial owner" of the unpaid Notes at issue in Plaintiff's Complaint is "anybody other than BFAM." (*id.* at 40:1-9, 41:23-25; 43:6-7).

Plaintiff has now addressed any such loose ends with evidence of its beneficial ownership in the form of admissible business records, and the Answering Defendants have stipulated that they "do not have any basis to dispute" that the records are "business records . . . admissible for their truth under CPLR 4518(a)." (NYSCEF 159 ¶¶ 6-7 [Joint Stipulation of Certain Undisputed Facts ("Joint Stipulation")]). The Answering Defendants have also stipulated that they "will not be offering any evidence to factually dispute" Plaintiff's beneficial ownership and "will not be offering any evidence or argument to dispute that Plaintiff has standing to bring this action" (Joint Stipulation ¶¶ 1-4, 8). Accordingly, the Court finds that Plaintiff has demonstrated its beneficial ownership or standing and legal capacity to prosecute this action.

**654192/2022  BFAM ASIAN OPPORTUNITIES MASTER FUND, LP vs. ZHONGRONG INTERNATIONAL RESOURCES CO., LTD. ET AL
Motion No.  008 008**

**Page 2 of 6**

[* 2]

2 of 6

The Answering Defendants raise a new issue in opposition to the instant motion, arguing that Plaintiff has "failed to show that the Global Note was executed" or "present[] an executed Subsidiary Guarantee" (*see* NYSCEF 177 at 9-10). However, this argument fails to demonstrate the existence of material issues of fact because (1) the Answering Defendants admitted in their Answer (NYSCEF 153) that they issued the Global Note, and (2) business records of Barclays and Euroclear reflect that Plaintiff is the beneficial owner of the Notes (NYSCEF 155, NYSCEF 156), and the Answering Defendants specifically agreed not to dispute that "Plaintiff is the beneficial owner of approximately 27.96% or US $139,806,000 of US $500,000,000 million 7.25% senior notes *issued by Zhongrong International Resources Co, Ltd. pursuant to* an Indenture and *an accompanying Global Note*") (NYSCEF 159 [emphasis added]). Furthermore, at the October 30, 2023 hearing, the Answering Defendants' counsel acknowledged that Plaintiffs had filed the signed, issued, and certified copies of the Global Note and all guarantees (Tr. 20:21-21:3). And in any event, Plaintiff did file the signed, issued, and certified copies of the Global Note and all guarantees (NYSCEF 100) in connection with its first motion for summary judgment and filed the signed, issued, and certified copies of the Global Note again on Reply to the present motion (NYSCEF 180). Thus, the Answering Defendants' argument does not preclude summary judgment.

Next, the Answering Defendants' reliance on the savings clause of Section 11.07 of the Indenture (NYSCEF 152) to void or limit the subsidiary guarantees is unavailing. Section 11.07(c) of the Indenture provides that "the obligations of each Subsidiary Guarantor under its Subsidiary Guarantee is limited to an amount not to exceed the maximum amount that can be guaranteed by such Subsidiary Guarantors without rendering the Subsidiary Guarantee, as it relates to such Subsidiary Guarantor, voidable under applicable law relating to fraudulent

**654192/2022   BFAM ASIAN OPPORTUNITIES MASTER FUND, LP vs. ZHONGRONG INTERNATIONAL RESOURCES CO., LTD. ET AL**
**Motion No.  008 008**

**Page 3 of 6**

3 of 6

[* 3]

conveyance or fraudulent transfer or similar laws affecting the rights of creditors generally . . . ." (Indenture § 11.07(c)).

However, savings clauses like Section 11.07 are protection for *creditors* and not a limitation on liability that can be invoked by debtors (*ACP Master, Ltd. v Vitro S.A.B. de C.V.*, 34 Misc 3d 1201(A) [Sup Ct, NY County 2011] [finding no issue of fact raised by defendants where defendants did not deny "Plaintiffs' assertion that the Limitation Provision is intended to protect lenders, such as Plaintiffs, in the event that the Guaranties are challenged as a fraudulent conveyance by other creditors or a bankruptcy trustee, a hypothetical situation that has not occurred in any proceeding"], *affirm sub nom Elliott Intern. L.P. v Vitro, S.A.B. de C.V.*, 95 AD3d 565, 565 [1st Dept 2012] ["the limitation provision at issue could be triggered *only* by an allegation of a fraudulent conveyance, and no such allegation was made here"] [emphasis added]).

Relatedly, only creditors can challenge a debtor's transactions as a fraudulent conveyance and, as such, the Answering Defendants lack standing to assert that their own guarantees were "fraudulent conveyance[s]" under Section 11.07 (*see Pu v Mitsopoulos*, 67 AD3d 561, 562 [1st Dept 2009] [noting that plaintiff, who was not a secured creditor of any of the defendants, had no basis for challenging the underlying conveyances as fraudulent]; *Airball Capital LLC v Rosenthal & Rosenthal Inc.*, 73 Misc 3d 1218(A) [Sup Ct, NY County 2021] ["In order for a party to challenge a conveyance as fraudulent pursuant to the NYDCL, the party must be a creditor within the meaning of that statute"]).

Accordingly it is

**654192/2022   BFAM ASIAN OPPORTUNITIES MASTER FUND, LP vs. ZHONGRONG INTERNATIONAL RESOURCES CO., LTD. ET AL
Motion No.  008 008**

**Page 4 of 6**

[* 4]

4 of 6

**ORDERED** that Plaintiff's renewed motion for summary judgment is **GRANTED**; and Plaintiff is entitled to summary judgment in its favor and against the Answering Defendants; it is further

**ORDERED** that Plaintiff shall submit a proposed judgment against the Answering Defendants within seven (7) days of the date of this Order; it is further

**ORDERED** that the causes of action asserted against the Non-Answering Defendants, Zhongrong Xinda Group Co. Ltd. ("Zhongrong Xinda") and Era Nova Development S.A. ("Era Nova"), are severed and are continued; and it is further

**ORDERED** that the action shall continue as the claims asserted against Zhongrong Xinda and Era Nova.

This constitutes the Decision and Order of the Court.

20240731124040JMC0HEN98D1A5762D124E0BA050127DBB1D835C

_____
**7/31/2024**
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654192/2022  BFAM ASIAN OPPORTUNITIES MASTER FUND, LP vs. ZHONGRONG INTERNATIONAL RESOURCES CO., LTD. ET AL**
**Motion No.  008 008**

Page 5 of 6