## Zhang Rui Kang v Zhongrong Intl. Resources Co., Ltd.

2024 NY Slip Op 34294(U)

December 4, 2024

Supreme Court, New York County

Docket Number: Index No. 654526/2024

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------X

ZHANG RUI KANG,

                        Plaintiff,

                    - v -

ZHONGRONG INTERNATIONAL RESOURCES CO.,
LTD., ZHONGRONG XINDA GROUP CO., LTD.,
LUCKYWAY CREATION LIMITED, CHOICE SUCCESS
GLOBAL LIMITED, ERA NOVA DEVELOPMENT S.A.

                      Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654526/2024 |
| **MOTION DATE** | 08/30/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 27, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47

were read on this motion for      SUMMARY JUDGMENT IN LIEU OF COMPLAINT   .

       Plaintiff Zhang Rui Kang ("Plaintiff" or "Mr. Zhang") moves for summary judgment in lieu of complaint under CPLR 3213 against Defendants Zhongrong International Resources Co., Ltd. ("Zhongrong International"), Zhongrong Xinda Group Co., Ltd. (the "Parent Guarantor"), Luckyway Creation Limited, Choice Success Global Limited, and Era Nova Development S.A. (the "Subsidiary Guarantors") (collectively, "Defendants"), for their failure to pay on notes issued on October 26, 2017 by Defendant Zhongrong International, and the relevant guarantees.[1] Defendants have not responded to this motion or otherwise appeared in this action.  For the following reasons, Plaintiff's unopposed motion is granted.

       Pursuant to CPLR 3213, a party may commence an action by motion for summary judgment in lieu of complaint when the action is "based upon an instrument for the payment of

---

[1] According to Plaintiff, the same Notes that are at issue in *BFAM Asian Opportunities Master Fund, LP v. Zhongrong International Resources Co., Ltd.*, No. 654192/2022 ("BFAM").

**654526/2024   RUI KANG, ZHANG vs. ZHONGRONG INTERNATIONAL RESOURCES CO., LTD. ET AL**
**Motion No.  001**

**Page 1 of 4**

1 of 4

[* 1]

money only or upon any judgment" (*Oak Rock Fin., LLC v Rodriguez*, 148 AD3d 1036, 1039 [2d Dept 2017]). An "instrument for the payment of money only" is one that "requires the defendant to make a certain payment or payments and nothing else" (*Seaman-Andwall Corp. v Wright Mach. Corp.*, 31 AD2d 136, 137 [1st Dept 1968]; *Weissman v Sinorm Deli, Inc.*, 88 NY2d 437, 444 [1996]). "It is well settled that a promissory note, as an instrument for the payment of money only, is entitled to the expedited procedure detailed in CPLR 3213" (*R-H-D Const. Corp. v Miller*, 222 AD2d 802, 803 [3d Dept 1995]). Likewise, a "guarantee qualifies as an 'instrument for the payment of money only' under CPLR 3213" (*Torres & Leonard, P.C. v Select Professional Realties, Ltd.*, 118 AD2d 467, 468 [1st Dept 1986]; *State Bank of India, New York Branch v Patel*, 167 AD2d 242, 243 [1st Dept 1990]).

Here, Plaintiff has established a *prima facie* case for summary judgment pursuant to 3213 by providing proof of an agreement for the payment of money—the Indenture and Global Note—wherein Defendant Zhongrong International issued 7.25% Senior Notes with an aggregate principal amount of US $500 million dated October 26, 2017 (NYSCEF 15, 16); that Defendant Zhongrong Xingda unconditionally guaranteed all obligations to pay principal and interest on the Notes as parent guarantor, and Defendants Choice Success, Luckyway, and Era Nova unconditionally guaranteed all obligations to pay principal and interest on those notes as subsidiary guarantors (NYSCEF 15, Art 10-11); that Defendant failed to pay in accordance with its terms (*see* NYSCEF 13 ["Kang Aff"] ¶¶7-10); and that the Guarantor Defendants have not made any payments pursuant to their guarantees following Zhongrong International's default (Kang Aff ¶¶11-13).

Plaintiff submitted proof demonstrating service of this motion and associated papers on Defendants' designated agent for service of process, Law Debenture Corporate Services Inc. (*see*

654526/2024 RUI KANG, ZHANG vs. ZHONGRONG INTERNATIONAL RESOURCES CO., LTD. Page 2 of 4
ET AL
Motion No. 001

2 of 4

[* 2]

NYSCEF 15 § 12.07(c)) and served Zhongrong International and Choice Success in accordance with the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, and Luckyway at its registered address in Hong Kong, China, via personal delivery of a service packet (NYSCEF 28-46).

Moreover, Plaintiff has established that it has standing to bring this action as a beneficial holder of the Notes by submitting the Affirmation of Tan Lay Peng Certifying Business Record, dated June 3, 2024 (NYSCEF 20); Letter dated May 31, 2024 from UBSAGHong Kong Branch showing Plaintiff's position in the Notes held in Plaintiff's account at UBSAGHong Kong Branch (NYSCEF 21); Affirmation Certifying Business Record of Euroclear Bank SA/NV, dated June 19, 2024 (NYSCEF 22); Statement of Account for the Purpose of Proof of Holding from Euroclear to UBSAG, dated June 7, 2024 (NYSCEF 23) (*see also BFAM Asian Opportunities Master Fund, LP ET AL v Glory Health Industry Limited ET AL*, Index No. 651863/2023 [Sup Ct, NY County], NYSCEF 53; *BFAM Asian Opportunities Master Fund, LP v Zhongrong Intern. Resources Co., Ltd.*, 2024 NY Slip Op 32666[U], 2 [Sup Ct, NY County 2024]), and Defendants have not rebutted this showing.

Finally, the Subsidiary Guarantors cannot escape their obligations by claiming fraudulent transfer or failure of consideration (*Zhongrong*, 2024 NY Slip Op 32666[U], 4 ["[O]nly creditors can challenge a debtor's transactions as a fraudulent conveyance and, as such, the Answering Defendants lack standing to assert that their own guarantees were 'fraudulent conveyance[s]' under Section 11.07"]).

Therefore, Plaintiff has demonstrated the existence of a default as to the payment of the notes, and a failure to perform under the guarantees.

654526/2024   RUI KANG, ZHANG vs. ZHONGRONG INTERNATIONAL RESOURCES CO., LTD. ET AL
Motion No.  001

Page 3 of 4

3 of 4

[* 3]

[* 4]

Accordingly, it is

**ORDERED** that Plaintiff's Motion for Summary Judgment in Lieu of Complaint is

**GRANTED**; it is further

**ORDERED** that Plaintiff is entitled to judgment against Defendants Zhongrong

International Resources Co., Ltd., Zhongrong Xinda Group Co., Ltd., Luckyway Creation

Limited, Choice Success Global Limited, and Era Nova Development S.A., jointly and severally,

for the principal and interest due under the Indenture and Notes, as well as pre-judgment interest;

and it is further

**ORDERED** that Plaintiff submit a proposed judgment to the Court within 21 days of this

Order.

This constitutes the Decision and Order of the Court.

20241204203846JMCOHEN490AAB8AB0F84939A72CEC17912EA470

**12/4/2024**
**DATE**

**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654526/2024  RUI KANG, ZHANG vs. ZHONGRONG INTERNATIONAL RESOURCES CO., LTD.**
**ET AL**
**Motion No.  001**

**Page 4 of 4**

4 of 4