SEAMAN-ANDWALL CORPORATION, Appellant, v. WRIGHT MACHINE CORPORATION et al., Respondents.

First Department, December 12, 1968.

*Stanley Geller* of counsel (*William J. Butler* and *Edward I. Kramer* with him on the brief; *Butler, Jablow & Geller,* attorneys), for appellant.

*Paul L. Ross* of counsel (*Howard L. Jacobs* with him on the brief; *Wolf Popper Ross Wold & Jones,* attorneys), for Wright Machine Corporation and another, respondents.

*Murray I. Gurfein* of counsel (*Goldstein, Gurfein, Shames & Hyde,* attorneys), for Victor Muscat, respondent.

STEUER, J. Plaintiff moves for summary judgment pursuant to CPLR 3213. The relevant portion of the section reads as follows: "When an action is based upon a judgment or instrument for the payment of money only, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint." The summons was accompanied by a notice of motion supported by an affidavit stating that suit was brought on a promissory note a copy of which was attached. Due execution of the note and the circumstances under which it was given are set out. The latter are that plaintiff sold its business to the corporate defendant and the note (described as a mortgage note) was a part of the consideration. The note itself calls for payment in installments with an acceleration clause in case of default. The affidavit alleges a default in payment and notification to defendants that the entire principal was declared due.

The first question presented is whether this is an action on an instrument for the payment of a sum of money only. We are quite clear that it is. Special Term was of the opinion that, as the note was given as one factor in a transaction embracing other features, proof dehors the instrument must be given. This is not so. It is incontestable that plaintiff would prove a prima facie case by proof of the note and a failure to make the payments called for by its terms. While defenses advanced might raise issues outside the note, that does not change its character as one for the payment of money only. There is nothing in CPLR 3213 which limits its application to notes to which defenses based on extrinsic facts have not been asserted. Even despite such issues, the note itself requires the defendants to make certain payments and nothing else. As such it is an instrument for the payment of money only.

It appearing that plaintiff's procedure is correct, we now come to the question of whether plaintiff is, on the record, entitled to summary judgment. Execution and default having been conceded, it was incumbent on defendants to come forward with evidentiary proof sufficient to raise an issue as to the

defenses. The proof tendered is fatally deficient both as to form and substance. It appears that defendant Wright Machine Corporation brought suit against plaintiff to rescind the sales agreement and for fraud. This action was consolidated with the instant one. Defendants submit an affidavit of their attorney who is without knowledge of the facts; nor does he purport to allege any.* The affidavit merely recites what is in the complaint in the rescission action. In addition, the affidavit of one Muscat appears and states that he has knowledge of the facts and that what the attorney avers is true. Muscat also verified the complaint, but he did so entirely on information and belief.

Whether the above is to be treated as a clumsy failure to set forth evidentiary facts rather than as a studied effort to avoid the pains of possible perjury, the result is the same. Giving credence to the facts alleged, as distinct from the conclusions of the pleader, no evidentiary facts entitling the defendants to defend are set out. The primary claim of fraudulent inducement concerns a representation allegedly made to defendant. It appears that the plaintiff's business, which was sold to defendant, was the fabrication and sale of aluminum and steel siding. It was known that several purchasers of the products were dissatisfied and had asserted claims against plaintiff. Defendants allege that when this matter came up for discussion plaintiff's officers stated that the total of the claims was less than 1% of sales whereas they knew that the claims were so extensive that they might well bankrupt the company. Assuming this to be true, it is unavailing. The contract of sale contains this provision: "SECTION 21. Notwithstanding anything herein contained to the contrary, it is agreed that Seaman-Andwall and Walco shall not be deemed at any time to have made any representation, warranty or covenant unto Wright or Victor Muscat and Edward Krock or B.S.F., as to the adequacy, sufficiency, correctness or reasonableness of any statement, estimate, reserve, or contingency fund (whether or not reflected in Seaman-Andwall's financial statements) relating to customer claims for products sold by IX Corporation and Seaman-Andwall prior to closing hereunder." It would be difficult to envisage language which could more completely eliminate the claimed representations as an inducing factor. The disclaimer being of sufficient specificity, the alleged representation cannot be considered (*Wittenberg* v. *Robinov*, 9 N Y 2d 261; *Danann Realty Corp.* v. *Harris*, 5 N Y 2d 317).

---

* The attorney referred to is not the attorney representing respondent on this appeal.

A second claim is that the inventory was overvalued by $77,000. How the affiant arrives at that conclusion is left to conjecture. It is not alleged that defendant ever took an inventory or what means were employed to arrive at the value. Nor is there any effort to reconcile the inventory as of the date of transfer with the contract valuation which antedated transfer by a substantial period.

It would be unnecessarily tedious to discuss each specification of fraud alleged. We have examined all of them and they all are either precluded by the terms of the contract of sale or lack any substantiation of the conclusions asserted.

The individual defendants guaranteed the note in suit by an instrument in writing. They raise no point in addition to those raised by their principal.

The order dated December 29, 1967, should be reversed on the law and the motion for summary judgment granted in the sum of $253,750 and appropriate interest, with costs. The Clerk is directed to enter judgment accordingly.

Botein, P. J., Stevens, Eager and Capozzoli, JJ., concur.

Order entered January 3, 1968, unanimously reversed, on the law, with $50 costs and disbursements to appellant, the motion for summary judgment granted in the sum of $253,750 and appropriate interest, with $10 costs, and the Clerk is directed to enter judgment accordingly.