■ NORTHSIDE BANK OF TAMPA, Respondent, v SELF DEFENSE INDUSTRIES OF NEW YORK, INC., et al., Appellants, and JEROME MACKEY'S MAKEDO 1000, INC., et al., Respondents.—Order, Supreme Court, New York County, entered November 27, 1974, granting summary judgment in lieu of complaint pursuant to CPLR 3212, and judgment entered thereon on December 24, 1974, unanimously modified, on the law, to deny summary judgment (1) with respect to the promissory note numbered 584830 insofar as defendant Corr is concerned and (2) with respect to the promissory note numbered 555487 as against all defendants-appellants and, as so modified, the order

and judgment are affirmed, without costs and without disbursements. While the notes herein are "instruments for the payment of money only" and within the intendment of CPLR 3213 *(Seamen-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, affd 29 NY2d 617), factual issues are presented with respect to the various parties' liabilities on the instruments and accordingly, summary judgment should not have been granted in total. As regards note numbered 584830, the very manner in which that instrument was executed creates an ambiguity as to whether James Corr signed in his representative capacity on behalf of Self Defense Industries of New York, Inc., or whether he signed in his individual capacity. As regards note numbered 555487, that note was executed solely by one Charles D. Phillips and was merely witnessed by defendant Corr. None of the defendants-appellants were makers of the note nor did they execute guarantees. Moreover, while it is alleged that defendants-appellants made payments on that note and indeed took over the franchise involved in the underlying transaction, such does not establish their liability on the instrument itself—particularly in view of the fact that the defendants have specifically denied that they ever assumed the obligations of the note. Settle order on notice. Concur—Stevens, P. J., Markewich, Tilzer, Capozzoli and Lane, JJ.