Edward S. Conway, J.
This is a motion by the plaintiff for summary judgment in lieu of complaint in the amount of $82,797.93.
Montcalm Publishing Corp., proposed intervenor, hereinafter referred to as Montcalm, makes a motion for an order directing that it be brought in by proper amendment as a party defendant on the ground that it has a statutory right to intervene in this action pursuant to CPLR 1012.
The action on which the instant motion is predicated has been instituted by Williams Press, Inc., hereinafter referred to as Williams, to recover $82,797.93 which represents moneys allegedly held by the defendant Kable News Company, Inc., *119 hereinafter referred to as Hable, and payable to plaintiff Williams pursuant to an assignment of said moneys made by Montcalm and delivered to plaintiff and defendant on July 1, 1975.
The motion by Montcalm to intervene in this motion for summary judgment by Williams is hereby granted.
Plaintiff Williams has a contract with Montcalm, as successor to Brookbridge Publishing Corp., to print Gallery magazine. The method of payment by Montcalm is the assignment to Williams of the proceeds collected by Montcalm’s distributor (Hable) from the sale of Gallery magazine. The assignment hereinbefore mentioned was made for paymeht of the balance of printing costs owed by Montcalm to Williams for the printing of the September, 1975 issue of Gallery. The total cost was $142,797.93 to be paid in two assignments. On August 20, 1975, a partial payment of $60,000 was made by Hable to Williams on behalf of Montcalm, leaving a balance of $82,797.93 allegedly still due by Montcalm to Williams for the printing of the 1975 September issue.
Williams alleges in its supporting affidavit that defendant Hable has in its possession and is holding $82,797.93 it has received from the distribution of the September, 1975 issue of Gallery for payment pursuant to the assignment, which is annexed to the moving papers, and that Williams has duly demanded payment of the money but defendant Hable has failed to make said payment.
Defendant Hable contends that the instrument relied on by the movant Williams is not an instrument for the payment of a sum of money only, as envisioned by CPLR 3213, and further, that the moving affidavits and exhibits annexed thereto do not establish by evidentiary facts plaintiff’s cause of action sufficiently to warrant the court to direct judgment in favor of plaintiff.
The court cannot agree with these contentions of the defendant.
The assignment sued on is an instrument for the payment of money only which qualifies for summary judgment pursuant to CPLR 3213 (see Interman Ind. Prods, v R. S. M. Electron Power, 37 NY2d 151; Seaman-Andwall Corp. v Wright Mach. Corp., 31 AD2d 136, affd 29 NY2d 617). It establishes that Hable is liable for the payment of money to Williams and neither Hable nor Montcalm has raised any valid defenses to the assignment.
*120 The only question raised by the opposing affidavits is as to the amount of damages. Therefore, the motion for summary judgment is granted in part and an immediate trial is ordered to assess the amount of damages due the plaintiff pursuant to CPLR 3212 (subd [c]). The attorney for the plaintiff shall file a note of issue for an immediate jury trial pursuant to section 862.5 of the Rules for Trial and Special Terms of Supreme Court Third Judicial Department (22 NYCRR 862.5).