■ TORRES & LEONARD, P. C., Appellant, v SELECT PROFESSIONAL REALTIES, LTD., et al., Respondents.—Order, Supreme Court, New York County (Burton S. Sherman, J.), entered April 25, 1985, which denied plaintiff's motion pursuant to CPLR 3213 for summary judgment in lieu of complaint, is unanimously reversed, on the law, with costs, to grant plaintiff's motion for summary judgment and to remand for a determination of reasonable attorney's fees.

On July 24, 1984, plaintiff and the defendant Gerald Bernard executed an agreement whereby plaintiff transferred its 50% interest in Select Professional Realties, Ltd. (Select) to Bernard, giving him 100% ownership of that corporation, and whereby the parties agreed to discontinue litigation then pending between them. The agreement further provided that Bernard was to pay plaintiff a total of $75,000: $10,000 upon execution, and $65,000 to be paid in monthly installments of $1,500 commencing September 1, 1984. The same day, defendants also executed a security agreement whereby Select became primarily liable for the aforesaid debt and mortgaged its assets to plaintiff to secure payments under the settlement

agreement, and Bernard unconditionally guaranteed such payments. There was an acceleration clause in both the security agreement and in Bernard's guarantee.

Defendants defaulted in February 1985, leaving a balance due of $57,500, and plaintiff thereupon commenced the within action by serving a summons and a notice of motion for summary judgment in lieu of complaint pursuant to CPLR 3213, which permits this accelerated procedure "[w]hen an action is based upon an instrument for the payment of money only or upon any judgment". Special Term denied plaintiff's motion on the basis that the "instrument sued upon is a settlement agreement, not an instrument for the payment of money only." We disagree, and accordingly reverse.

As we view plaintiff's motion and supporting documentation, summary judgment against Bernard should have been predicated on his unconditional guarantee that money would be paid to plaintiff in specified amounts and at specified times. Clearly, such a guarantee qualifies as an "instrument for the payment of money only" under CPLR 3213. (Citibank [N. Y. State] v Schaffran, 96 AD2d 726; Council Commerce Corp. v Paschalides, 92 AD2d 579; Chase Manhattan Bank v Kahn, 66 AD2d 704; cf. Dresdner Bank v Morse/Diesel, Inc., 115 AD2d 64.) The application of the statute is not affected by the circumstance that the instrument in question was part of a larger transaction, such as the sale of business, as long as the instrument requires the defendant to make certain payments and nothing else. (Seaman-Andwall Corp. v Wright Mach. Corp., 31 AD2d 136, affd 29 NY2d 617; Logan v Williamson & Co., 64 AD2d 466, appeal dismissed 46 NY2d 996; see, Tonkonogy v Seidenberg, 63 AD2d 587; Wagner v Cornblum, 36 AD2d 427; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3213.02a.)

Although the issue with regard to the corporate defendant Select appears to us a somewhat closer question, and observing that defendants have not submitted a brief urging a contrary determination, we hold that the security agreement executed by Select on July 24, 1984 is likewise an instrument for the payment of money only. That agreement identifies Select as the "Debtor" and sets forth the indebtedness as $65,000 payable in monthly installments of $1,500, commencing September 1, 1984, and provides in paragraph 1a that Select agrees "[t]o pay and perform all of the obligations secured by this agreement according to their terms." The agreement further provides in paragraph 2a that if there is

more than one debtor or guarantor of the agreement, "the obligation of all shall be primary, joint and several."

In *Interman Indus. Prods. v R. S. M. Electron Power* (37 NY2d 151, 155), the Court of Appeals stated: "The most cogent analysis of the standard to be applied in ascertaining whether an instrument qualifies for CPLR 3213 treatment was enunciated in *Seaman-Andwall Corp. v Wright Mach. Corp.* (31 AD2d 136, affd 29 NY2d 617, *supra)* wherein it was stated that if a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms, the moving party would be entitled to summary judgment unless the other party came forward with evidentiary proof sufficient to raise an issue as to the defenses to the instrument."

Applying this standard to the pleadings herein, we find that plaintiff has made a prima facie case that both defendants are liable to it in the amount of $57,500 plus interest from February 1, 1985, and that the defenses of unconscionablility and waiver raised by defendants are, respectively, insufficient in law and contrary to the "nonwaiver" clause in the security agreement. Accordingly, plaintiff's motion for summary judgment should be granted. The matter is remanded for a determination of reasonable attorney's fees which are payable to plaintiff under the security agreement and the guarantee. Concur—Kupferman, J. P., Sandler, Sullivan, Asch and Kassal, JJ.