OPINION OF THE COURT
Loren N. Brown, J.
This action was brought to recover a sum of money, seized by law enforcement officers as allegedly evidence of illegal drug sales. The plaintiff has served a summons, and now seeks summary judgment in lieu of complaint (CPLR 3213) on the grounds that forfeiture proceedings were not commenced in a timely fashion. The defendant has opposed the motion, in part, on the grounds that CPLR 3213, proceeding by summons in lieu of complaint, is not procedurally proper.
On October 20, 1986, the plaintiff was arrested and charged with drug and firearm related offenses. In his possession and seized was $5,045. After the seizure, the plaintiff was given an *1044 inventory receipt for the money, and because of that receipt, the plaintiff, claiming that it is an instrument for the payment of money only, has chosen to proceed by a motion for summary judgment in lieu of complaint.
A motion for summary judgment in lieu of complaint is available when the "action is based upon an instrument for the payment of money only or upon any judgment”. (CPLR 3213.) In order to qualify as "an instrument for the payment of money only”, the instrument must establish on its face a prima facie case. (Seaman-Andwall Corp. v Wright Mach. Corp., 31 AD2d 136.) If extrusion evidence is necessary to prove the plaintiff’s case, the instrument does not qualify. (Channel Excavators v Amato Trucking Corp., 48 Misc 2d 429.) An inventory receipt would not, on its face, establish a case for repayment of the amount received. The plaintiff’s motion papers reflect the need to prove more than that which appears on the face of the receipt.
Accordingly, the court finds that CPLR 3213 is inappropriate, and summary judgment is denied, without costs. The complaint shall be served within 20 days after the entry of the order on this motion; the answer shall be served within 20 days of receipt of the complaint.