■ HACKENSACK CARS, INC., Doing Business as STATEWIDE LEASING, Appellant, v SAM BEVERLY, Respondent.

The IAS court erred in finding defendant had raised a triable issue of fact regarding a defense of partial failure of consideration. "But only the existence of a bona fide issue raised by evidentiary facts and not one based on conclusory or irrelevant allegations will suffice to defeat summary judgment" (Rotuba Extruders v Ceppos, 46 NY2d 223, 231).

Plaintiff here met its burden of proving a prima facie case under CPLR 3213 by the submission of the promissory notes and defendant's failure to make the payments called for. In opposition, defendant made various conclusory allegations without specifically stating that his corporation, Lifestyle Limousine Service Corp., did not have the use of vehicles pursuant to the rental agreement between the parties. Although defendant asserted plaintiff demanded the cars back, he never flatly stated that any cars were returned. As we noted previously in a similar case: "Whether the above is to be treated as a clumsy failure to set forth evidentiary facts rather than as a studied effort to avoid the pains of possible perjury, the result is the same" (Seaman-Andwall Corp. v Wright Mach. Corp., 31 AD2d 136, 138, affd 29 NY2d 617). Thus, defendant failed to even properly allege a failure of consideration, much less raise a factual issue as to it.

Defendant's allegation that he did not know at the time that he was signing individually is insufficient. He signed each of 10 notes twice, once in a representative capacity and once in an individual capacity. His self-serving parol evidence

varies the plan and unambiguous terms of the notes, and is therefore inadmissible *(see, Rotuba Extruders v Ceppos, supra,* at 229). Likewise, the purported defense of duress was not demonstrated with sufficient evidentiary facts to defeat plaintiff's summary judgment motion.

Although the IAS court noted in denying the motion that defendant "alleges that he has counterclaims for plaintiff's failure to pay for the cost of repairs to its vehicle and towing charges agreed to and imposing proper insurance charges", once more, defendant made no evidentiary showing, which could easily have been assembled, in support of such counterclaims. Concur—Sandler, J. P., Sullivan, Asch, Milonas and Smith, JJ.