■ STATE BANK OF INDIA, NEW YORK BRANCH, Appellant, v RAMAN PATEL, Respondent.—Order of the Supreme Court, New York County (Irma Vidal Santaella, J.), entered on or about June 1, 1990, which denied plaintiff's motion for summary judgment against defendant Raman Patel, is unanimously reversed on the law and plaintiff's motion for summary judgment granted, with costs and disbursements. The clerk is directed to enter judgment in favor of plaintiff-appellant granting its motion for summary judgment, with costs.

Plaintiff State Bank of India commenced this action by notice of motion for summary judgment in lieu of complaint as a result of the execution by defendant Raman Patel and another individual of personal guarantees of payment of the indebtedness of Canaca, Inc., a New York corporation. After Canaca defaulted on its debts to plaintiff, the bank liquidated the company's inventory, reduced the outstanding balance by the amount of the proceeds obtained from the sale and sued the guarantors for the remainder plus interest and other costs. Although defendant originally denied having ever signed the instrument in question, claiming that his signature was a forgery, he subsequently conceded, following discovery proceedings which included a handwriting analysis performance by a leading expert, that he did sign the guarantee and

that he was aware of the nature of the instrument. However, he now urges that he did not realize precisely what payment he was guaranteeing since he was misled as to the contents of the document by Canaca's principal, T.R. Varadachary. In addition, he asserts that the notes were incomplete and were later filled in by the bank. The Supreme Court, finding the existence of unresolved issues of fact, denied plaintiff's motion for summary judgment. This was error.

The guarantee in question herein is clear and unambiguous on its face and, by its express language, absolute, continuing and unconditional. In that regard, "[a]s a general rule, the signer of a written agreement is conclusively bound by its terms unless there is a showing of fraud, duress or some other wrongful act on the part of any party to the contract" *(Columbus Trust Co. v Campolo,* 110 AD2d 616, 617; *see also, Franklin Natl. Bank v Skeist,* 49 AD2d 215, in which the court held that evidence of the circumstances surrounding the execution of an unambiguous guarantee may not be received). As the Court of Appeals declared in *Chimart Assocs. v Paul* (66 NY2d 570, 574), "[p]rocedurally, there is a 'heavy presumption that a deliberately prepared and executed written instrument manifest[s] the true intention of the parties' * * * and a correspondingly high order of evidence is required to overcome that presumption".

Certainly, to create a genuine issue of fact, defendant was required to offer something more than his own unsubstantiated, conclusory statements that he was misled by Varadachary and that the notes were not completed until after he had already signed them, a contention that plaintiff disputes *(see, Chimart Assocs. v Paul, supra,* at 575; *Manufacturers Hanover Trust Co. v Green,* 95 AD2d 737, *appeal dismissed* 61 NY2d 760; *Sullivan County Wholesalers v Cornwall Constr. Co.,* 90 AD2d 914). Accordingly, plaintiff is entitled to summary judgment on the guarantee. Concur—Murphy, P. J., Kupferman, Milonas, Ellerin and Rubin, JJ.