Simon v Industry City Distillery, Inc. (2018 NY Slip Op 01643)





Simon v Industry City Distillery, Inc.


2018 NY Slip Op 01643


Decided on March 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2018

Acosta, P.J., Richter, Kapnick, Kahn, Gesmer, JJ.


5991 655678/17

[*1]Dr. Douglas Simon, Plaintiff-Appellant,
v
Industry City Distillery, Inc., Defendant-Respondent.


Kennedy Berg LLP, New York (Gabriel Berg of counsel), for appellant.
Mitchell Silberberg & Knupp, LLP, New York (David B. Gordon of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered October 31, 2017, which denied plaintiff's motion for summary judgment in lieu of complaint, unanimously reversed, on the law, with costs, and the motion granted, and the matter is remanded for further proceedings in accordance herewith.
Plaintiff's affidavit, to which was attached the fully executed note with a maturity date of August 31, 2017, his demand letter, and defendant's response, established prima facie his entitlement to summary judgment in lieu of complaint (see Seaman-Andwall Corp. v Wright Mach. Corp. , 31 AD2d 136 [1st Dept 1968], affd 29 NY2d 617 [1971]). In opposition, defendant failed to submit evidentiary proof sufficient to raise an issue as to any defenses to the note (see Interman Indus. Prods. v R.S.M. Electron Power , 37 NY2d 151, 155 [1975]).
The conversion option contained in the note does not alter the fact that the note is "an instrument for the payment of money only" and a proper subject of a motion pursuant to CPLR 3213 (Kornfeld v NRX Tech. , 93 AD2d 772, 773 [1st Dept 1983], affd 62 NY2d 686 [1984]). By virtue of an affidavit by one of its founders and shareholders, defendant is precluded from asserting that plaintiff exercised his right to convert the note into common stock, a position inconsistent with that taken in the 2014 litigation, i.e., that plaintiff was "merely a creditor of [defendant]" (see Madden v Corey , 251 AD2d 257 [1st Dept 1998]). Defendant also failed to provide proof that the note was converted into its common stock (see Seaman-Andwall Corp. , 31 AD2d at 137-138). Defendant's allegations of breach of fiduciary duty and the implied covenant of good faith and fair dealing are unsupported (Kornfeld , 93 AD2d at 773).
Pursuant to paragraph 11 of the note, which provides, "If any action or proceeding is commenced to enforce this Note . . ., the prevailing party . . . shall be entitled to recover from the other party the reasonable attorney's fees, costs and expenses incurred by such prevailing party," the matter is remanded for a determination of attorney's fees, costs, and expenses.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 15, 2018
CLERK