## AJH NY Realty LLC v Broker Success LLC

2024 NY Slip Op 33786(U)

October 23, 2024

Supreme Court, New York County

Docket Number: Index No. 653202/2024

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------------X

AJH NY REALTY LLC,4 WHAT ITS WORTH INC

Plaintiffs,

- v -

BROKER SUCCESS LLC, PAUL REISNER,

Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653202/2024 |
| **MOTION DATE** | 06/25/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 15 were read on this motion for       SUMMARY JUDGMENT IN LIEU OF COMPLAINT   .

Plaintiffs AJH NY Realty, LLC ("AJH") and 4 WHAT IT'S WORTH, INC. ("4W" (collectively, "Plaintiffs") seek summary judgment in lieu of complaint under CPLR 3213, based on three Promissory Notes, dated August 12, 2020 (the "First Note"), December 15, 2020 ("Second Note") and December 23, 2020 ("Third Note"), entered with Defendant Broker Success, LLC ("Brokerage"), and based on a guaranty by Defendant Paul Reisner ("Reisner", and collectively with Brokerage, "Defendants") on the First Note.  Plaintiffs' unopposed motion is granted.

Pursuant to CPLR 3213, a party may commence an action by motion for summary judgment in lieu of complaint when the action is "based upon an instrument for the payment of money only or upon any judgment" (*Oak Rock Fin., LLC v Rodriguez*, 148 AD3d 1036, 1039 [2d Dept 2017]).  An "instrument for the payment of money only" is one that "requires the defendant to make a certain payment or payments and nothing else" (*Seaman-Andwall Corp. v Wright Mach. Corp.*, 31 AD2d 136, 137 [1st Dept 1968]; *Weissman v Sinorm Deli, Inc.*, 88

**653202/2024   AJH NY REALTY LLC ET AL vs. BROKER SUCCESS LLC ET AL**
**Motion No.  001**

Page 1 of 4

NY2d 437, 444 [1996]). "It is well settled that a promissory note, as an instrument for the payment of money only, is entitled to the expedited procedure detailed in CPLR 3213" (*R-H-D Const. Corp. v Miller*, 222 AD2d 802, 803 [3d Dept 1995]). Likewise, generally a "guarantee qualifies as an 'instrument for the payment of money only' under CPLR 3213" (*Torres & Leonard, P.C. v Select Professional Realties, Ltd.*, 118 AD2d 467, 468 [1st Dept 1986]; *State Bank of India, New York Branch v Patel*, 167 AD2d 242, 243 [1st Dept 1990]). "Once the plaintiff submits evidence establishing its prima facie case, the burden then shifts to the defendant to submit evidence establishing the existence of a triable issue of fact with respect to a bona fide defense" (*Griffon V. LLC v 11 East 36th, LLC*, 90 AD3d 705, 707 [2d Dept 2011]).

Here, Plaintiffs have established a *prima facie* case for relief by demonstrating that Brokerage executed the First Promissory Note in the principal amount of $500,000.00 to AJH (NYSCEF 5), guaranteed by Reisner (NYSCEF 6); Reisner executed the Second Promissory Note in the principal amount of $40,000.00 to 4W (NYSCEF 8); Reisner executed the Third Promissory Note in the principal amount of $215,000.00 to AJH (NYSCEF 9); and that Defendants failed to repay the Notes in accordance with their terms (*see* NYSCEF 4, Affirmation of Kyle Soladay ["Soladay Affirm"]). Further, Plaintiffs submitted Affirmations of Service demonstrating service of the motion and supporting papers upon Defendants (NYSCEF 14, 15).

As to the First Note, the submitted evidence indicates that the first installment of $400,000.00 was due on or before August 12, 2022 (NYSCEF 5 ¶1a) and that ten percent (10%) per annum on the $500,000 Note began accruing five days after the Brokerage defaulted in the First Installment, or August 17, 2022 (NYSCEF 5 ¶¶3, 8a) (Soladay Affirm ¶¶5-10). The Guaranty likewise provides that "[t]he Guarantor hereby irrevocably and unconditionally guarantees to the Lender the prompt payment when due" of the First Note (NYSCEF 6¶ I).

[* 2]

As to the Second Note, the submitted evidence indicates that the entire amount of $40,000.00 was due on or before January 15, 2021 (NYSCEF 8 ¶1) and that upon the occurrence of a default, the entire outstanding principal balance of the Note, including interest at ten percent (10%) per annum, was due and payable (NYSCEF 8 ¶¶5, 7) (Soladay Affirm ¶¶12-17).

As the Third Note, the submitted evidence indicates that the principal of $215,000.00 was due on or before June 30, 2022, and interest on the principal amount at the rate of ten percent (10%) began accruing five days after Reisner defaulted on the note or, or July 6, 2022 (NYSCEF 9 ¶¶1, 2, 3(e)(a)) (Soladay Affirm ¶¶10-24).

Finally, each of the three Notes provide that Plaintiffs are entitled to recover its attorney fees and costs associated with the bringing of this action (*see* NYSCEF 5¶ 9, NYSCEF 8¶ 6; NYSCEF 9¶ 3(e)(f)). Plaintiffs have submitted the Affirmation of Jared Louzon, and accompanying timesheet (NYSCEF 11) demonstrating that Plaintiffs have incurred $3,600.00 in legal fees in enforcing the Notes (NYSCEF 10 ["Louzon Affirm"] ¶3).

Defendants have not filed an opposition to Plaintiffs' motion, and therefore fail to raise a fact issue to warrant further proceedings.

Accordingly, it is

**ORDERED** that Plaintiff's motion for summary judgment in lieu of complaint is **GRANTED**; it is further

**ORDERED** that upon submission of a judgment in the appropriate form, the Clerk of the Court enter judgment as follows:

1) On the First Note, judgment shall be entered in favor of Plaintiff AJH against Defendants Brokerage and Reisner, jointly and severally, in the principal amount of $500,000.00,

**653202/2024   AJH NY REALTY LLC ET AL vs. BROKER SUCCESS LLC ET AL**                    **Page 3 of 4**
**Motion No.  001**

3 of 4

along with accrued and unpaid interest at the contractual rate of ten percent (10%) running from August 17, 2022 until entry of judgment;

2) On the Second Note, judgment shall be entered in favor of Plaintiff 4W against Defendant Reisner in the principal amount of $40,000.00, along with accrued and unpaid interest at the contractual rate of ten percent (10%) running from January 15, 2021 until entry of judgment;

3) On the Third Note, judgment shall be entered in favor of Plaintiff AJH against Defendant Reisner in the principal amount of $215,000.00, along with accrued and unpaid interest at the contractual rate of ten percent (10%) running from July 6, 2022, until entry of judgment;

plus attorney's fees and expenses of $3,600.00, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs; it is further

**ORDERED** that Plaintiff submit to the Clerk a bill of costs and proposed judgment in the appropriate form (including addresses of the parties) consistent with this Decision and Order within seven (7) days of this Order.

This constitutes the Decision and Order of the Court. The Clerk is directed to enter judgment accordingly.

20241023133801MC0HENAD1AFA275A334E669C228F8E6BA37676

_____
**10/23/2024**
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- |
| | X | GRANTED | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

653202/2024   AJH NY REALTY LLC ET AL vs. BROKER SUCCESS LLC ET AL                    Page 4 of 4
Motion No.  001

4 of 4