Fortress Credit Corp. v Cohen (2025 NY Slip Op 01060)

Fortress Credit Corp. v Cohen

2025 NY Slip Op 01060

Decided on February 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 25, 2025

Before: Kern, J.P., Friedman, Kapnick, Rodriguez, O'Neill Levy, JJ. 

Index No. 651498/24|Appeal No. 3766|Case No. 2024-06255|

[*1]Fortress Credit Corp., Plaintiff-Respondent,
v
Charles S. Cohen., Defendant-Appellant.

Pillsbury Winthrop Shaw Pittman LLP, New York (James M. Catterson of counsel), for appellant.
Kirkland & Ellis LLP, New York (Aaron H. Marks of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered October 4, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment in lieu of complaint, unanimously affirmed, without costs.
Supreme Court properly determined that the December 13 and 14, 2023 emails between the parties did not constitute a binding agreement to further amend the loan agreement. Section 14.4(a) of the loan agreement and section 2 of the pre-negotiation agreement require that any amendment to the loan agreement or "[a]greements reached between the [p]arties" be in writing and signed by the applicable parties. The December emails reflect that the parties had reached a proposed agreement to amend the loan agreement, which was to be elevated to senior management for evaluation. This proposed agreement, however, was never reduced to writing and signed by the applicable parties. Therefore, it did not amend the loan agreement (see Nassau Beekman LLC v Ann/Nassau Realty LLC, 105 AD3d 33, 39 [1st Dept 2015]) or bind the parties to its terms (see Kowalchuk v Stroup, 61 AD3d 118, 123 [1st Dept 2009]).
By its terms, the proposed agreement is not covered by the exception to the signed writing requirement contained in Section 14.4(d) of the loan agreement. In relevant part, Section 14.4(d) permits the parties to amend the loan agreement without a signed writing to "grant a new Lien" or "extend an existing Lien." Although the proposed agreement included the grant of a new lien, it went well beyond that and included additional terms. Most significantly, the proposed agreement would excuse defendant's payment default and extend the payment terms on the loan by more than one year. Section 14.4(a)(ii) of the loan agreement expressly requires amendments that postpone or delay the loan payments to be reduced to a signed writing.
Defendant's statements that the parties understood that the December emails were a binding agreement, that a formal agreement would be executed shortly thereafter, and that the parties had always consummated their deals in this manner, were self-serving and unsubstantiated (see Lexon Ins. Co. v Sanare Energy Partners, LLC, 2021 NY Slip Op 30692[U], *5-6 [Sup Ct, NY County 2021], citing Hackensack Cars v Beverly, 140 AD2d 254, 254-255 [1st Dept 1988], lv dismissed 72 NY2d 1041 [1988]). Accordingly, defendant provides no basis for his claims that plaintiff's conduct was fraudulent, and, in any event, the guaranty's waiver of all defenses would preclude such assertion (see DB Auraria, LLC v Nelson, 228 AD3d 424, 425 [1st Dept 2024]).
The unconditional guaranty at issue qualified as an instrument for the payment of money only under CPLR 3213 and the mere reference to the loan agreement did not preclude CPLR 3213 relief (see DB Auraria, LLC v Nelson, 228 AD3d at 425; Bank of Am., N.A. v Solow, 59 AD3d 304, 305 [1st Dept 2009], lv dismissed 12 NY3d 877 [2009]). Moreover, none of defendant's nonmonetary [*2]obligations referenced in the guaranty were conditions precedent to his obligation to pay upon a payment default by the borrowers, and, accordingly, were insufficient to defeat summary judgment pursuant to CPLR 3213 (see UBS AG, London Branch v Greka Integrated, Inc., 2020 WL 1957530, *5, 2020 US Dist LEXIS 72194, *12 [SD NY, Apr. 23, 2020, 19 Civ 10786 (LLS)], affd 2022 WL 2297904, 2022 US App LEXIS 17598 [2d Cir, June 27, 2022, 21-1385-cv]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2025