## PFNGT LLC v Liquid Capital LLC

2025 NY Slip Op 31518(U)

April 28, 2025

Supreme Court, New York County

Docket Number: Index No. 654595/2024

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

----------------------------------------------------------------------------------X

PFNGT LLC,

Plaintiff,

- v -

LIQUID CAPITAL LLC, RICCARDO SPAGNI, THE
WYOMING TRUST

Defendants.

----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654595/2024 |
| **MOTION DATE** | 09/05/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 5, 6, 7, 8, 9, 10, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 30

were read on this motion for            SUMMARY JUDGMENT IN LIEU OF COMPLAINT            .

Plaintiff PFNGT, LLC moves for summary judgment in lieu of complaint under CPLR 3213 against Defendants Liquid Capital, LLC ("Borrower"), Riccardo Spagni ("Guarantor"), and The Wyoming Trust ("Pledgor") in the amount of $3,852,444.75 plus costs and interest accruing from July 31, 2024 through entry of judgment. Defendant Liquid Capital is wholly owned by Defendant Wyoming Trust, of which Defendant Spagni is a beneficiary (NYSCEF 15 [Spagni Aff.] ¶ 9). After several credit transactions (and extensions thereof) among the parties, in May 2024 Plaintiff and Borrower executed a Secured Loan Agreement contemporaneously with a secured promissory note, pursuant to which Spagni executed a personal guaranty and Wyoming Trust entered a pledge agreement as security for the loan (*id.* ¶¶22-25). For the reasons stated below, Plaintiff's motion is **granted** as against Borrower and Guarantor, and otherwise **denied**.

Pursuant to CPLR 3213, a plaintiff makes out a prima facie case for summary judgment in lieu of a complaint by submitting proof of an instrument "for the payment of money only or

**654595/2024   PFNGT LLC vs. LIQUID CAPITAL LLC ET AL**
  **Motion No.  001**

**Page 1 of 5**

[* 1]

upon any judgment," and the defendants' failure to make payment according to its terms (*see Seaman-Andwall Corp. v Wright Mach. Corp.*, 31 AD2d 136, 137 [1st Dept 1968]; *Oak Rock Fin., LLC v Rodriguez*, 148 AD3d 1036, 1039 [2d Dept 2017]).

An "instrument for the payment of money only" is one that "requires the defendant to make a certain payment or payments and nothing else" (*Seaman-Andwall Corp.*, 31 AD2d at 137; *Weissman v Sinorm Deli, Inc.*, 88 NY2d 437, 444 [1996]). "It is well settled that a promissory note, as an instrument for the payment of money only, is entitled to the expedited procedure detailed in CPLR 3213" (*R-H-D Const. Corp. v Miller*, 222 AD2d 802, 803 [3d Dept 1995]). Likewise, a "guarantee qualifies as an 'instrument for the payment of money only' under CPLR 3213" (*Torres & Leonard, P.C. v Select Professional Realties, Ltd.*, 118 AD2d 467, 468 [1st Dept 1986]; *State Bank of India, New York Branch v Patel*, 167 AD2d 242, 243 [1st Dept 1990]).

"On a motion for summary judgment to enforce an unconditional guaranty, the creditor must prove the existence of the guaranty, the underlying debt and the guarantor's failure to perform under the guaranty" (*Davimos v Halle*, 35 AD3d 270, 272 [1st Dept 2006]). "Once the plaintiff submits evidence establishing its prima facie case, the burden then shifts to the defendant to submit evidence establishing the existence of a triable issue of fact with respect to a bona fide defense" (*Griffon V. LLC v 11 East 36th, LLC*, 90 AD3d 705, 707 [2d Dept 2011]).

Here, Plaintiff has established a prima facie case for summary judgment against the Borrower and Guarantor pursuant to CPLR 3213 by demonstrating that (i) Borrower executed the Loan Agreement (NYSCEF 7) and accompanying Promissory Note (NYSCEF 6 ["Note"]) each in an amount of $3,895,083.38 in favor of Plaintiff, (ii) the Note contains unconditional promises to repay Plaintiff in accordance with the Loan Agreement (NYSCEF 6 at 1), (iii)

**654595/2024  PFNGT LLC vs. LIQUID CAPITAL LLC ET AL**
**Motion No. 001**

**Page 2 of 5**

Guarantor executed a guaranty in favor of Plaintiff, which unconditionally and irrevocably guaranteed the payment and performance of the Note (NYSCEF 8 at 1); and (iv) the Borrower defaulted on the Note and Defendant has failed to repay the full amounts due under the Note and guaranty (NYSCEF 3 ¶¶ 21-28).

The Borrower and Guarantor Defendants raise two arguments in opposition, neither of which raises a disputed issue of fact or otherwise precludes relief under CPLR 3213. First, Defendants argue that the Note and guaranty are not instruments for the payment of money only because they contain provisions requiring Borrower and Guarantor to provide certain financial disclosures and comply with all laws, among other things. These ancillary clauses do not affect or limit Guarantor's or Borrower's unconditional obligation to make payment. As such, they are not grounds to deny Plaintiff's motion (*see Park Union Condominium v 910 Union St., LLC*, 140 AD3d 673, 674 [1st Dept 2016] [finding that an instrument was within the scope of CPLR 3213 because it "required no additional performance by plaintiff as a condition precedent to payment or otherwise made defendant[s'] promise to pay something other than unconditional"]; *Fortress Credit Corp. v Cohen*, 2024 NY Slip Op 33509[U], 6 [Sup Ct, NY County 2024], *affd* 2025 NY Slip Op 01060 [1st Dept 2025]).

Second, Defendants argue that there is an ambiguity in the Note that requires extrinsic evidence to resolve, in which case CPLR 3213 relief would be inappropriate (*see Bonds Fin., Inc. v Kestrel Tech., LLC*, 48 AD3d 230 [1st Dept 2008]). This is because the Note—in an apparent scrivener's error—states that the interest rate is "eighteen percent (24%)" (NYSCEF 6 at 1). However, the Court is not required to resort to extrinsic evidence to resolve this issue. The Note makes reference to the Loan Agreement, which unequivocally lists the interest rate as 24%, states that "[t]he Loan shall be evidenced by a secured promissory note…annexed

**654595/2024   PFNGT LLC vs. LIQUID CAPITAL LLC ET AL**
**Motion No.  001**

**Page 3 of 5**

hereto…payable in accordance with the terms hereof" (NYSCEF 6 at 2; NYSCEF 7 §§ 1.1, 1.3 [a]; *see also Boland v Indah Kiat Fin. (IV) Mauritius Ltd*., 291 AD2d 342 [1st Dept 2002] ["...having conceded that the note is an instrument for the payment of money only and that they failed to make certain payments, defendants are hardly in a position to identify any obligation that, while not apparent from the face of the note, might be required of them by the note's reference to the indenture"] [internal quotations and citations omitted]). Moreover, Defendants nowhere dispute their default or that the rate was in fact 24% (NYSCEF 15). Accordingly, Plaintiff's motion is granted as against Borrower and Guarantor.

However, as it relates to Pledgor, Plaintiff's motion is denied, as the obligation to pay on the Note and the right to enforce the security interest are independent of each other (*see* NYSCEF 9 [Security Agreement] § 1.3 [providing for termination of security interest following satisfaction of underlying payment obligations]; *see also HCG Mezzanine Dev. Fund, L.P. v Jreck Holdings, LLC*, 37 Misc 3d 1217[A] at *4 [Sup Ct, NY County 2012] [granting summary judgment motion as to guarantees and notes, but denying as to pledge and security agreements]). If payment on the Note and/or guaranty is not forthcoming, Plaintiff may move separately against the collateral (*see id.*).

Accordingly, it is

**ORDERED** that Plaintiff's motion for summary judgment in lieu of complaint is **granted** as against Defendants Liquid Capital, LLC and Riccardo Spagni, and otherwise **denied**; it is further

**ORDERED** that Plaintiff shall submit a proposed judgment in accordance with the above, including an application for reasonable attorneys' fees and costs pursuant to the Note, within 14 days of the date of this order; and it is further

**654595/2024   PFNGT LLC vs. LIQUID CAPITAL LLC ET AL**
**Motion No.  001**

**Page 4 of 5**

4 of 5

**ORDERED** that Defendants may submit an opposition to the amount of fees sought and the form of the judgment within 14 days of Plaintiff's submission.

This constitutes the decision and order of the Court.

20250428171503JMC0HENB40A7E2F0BFD4669BA5A39A76FBBB64E

|  |  |
|---|---|
| 4/28/2025 | |
| **DATE** | **JOEL M. COHEN, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
|---|---|---|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE |

654595/2024   PFNGT LLC vs. LIQUID CAPITAL LLC ET AL
Motion No.  001

Page 5 of 5

5 of 5