**White Matter Holding Ltd. v Abubaker**

2025 NY Slip Op 31570(U)

April 30, 2025

Supreme Court, New York County

Docket Number: Index No. 653658/2023

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

----------------------------------------------------------------------------------X

WHITE MATTER HOLDING LIMITED,

                                Plaintiff,

                  - v -

UMAIS ABUBAKER, HUZAIFA ABUBAKER, GLOBAL
INVESTMENT HOLDINGS LIMITED

                             Defendants.

----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653658/2023 |
| **MOTION DATE** | 03/12/2025 |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 004) 8, 9, 10, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87

were read on this motion for              SUMMARY JUDGMENT            .

         Plaintiff White Matter Holding Limited ("White Matter" or "Plaintiff") moves for summary judgment on the ground that Defendants have defaulted on certain guaranties executed in connection with a settlement agreement between White Matter and a third party, HYLA UK Holdco Limited ("HYLA UK"). Plaintiff seeks judgment in the amount of $7,500,000, plus attorneys' fees and pre-and-post judgment interest at 9% per annum pursuant to CPLR 5002 and 5004. For the reasons discussed below, Plaintiff's unopposed motion is **granted**.

         This Court previously denied Plaintiff's motion for summary judgment in lieu of complaint seeking the same relief on the grounds that there was a dispute as to whether HYLA UK's payment obligations on the underlying settlement agreement had been triggered (NYSCEF 45). This issue has now been litigated in the London Circuit Commercial Court, and HYLA UK's time to appeal the default judgment entered against it in the amount of $7,500,000 has expired (NYSCEF 72 ¶¶ 7-9; NYSCEF 74-75). Accordingly, on February 27, 2025, the Court

**653658/2023   WHITE MATTER HOLDING LIMITED vs. ABUBAKER, UMAIS ET AL**
  **Motion No.  004**
                                                                **Page 1 of 4**

[* 1]

permitted Plaintiff to make a renewed motion for summary judgment (NYSCEF 69). With the issue of HYLA UK's obligations now resolved, the Court turns to the guaranties.

This motion for summary judgment is brought pursuant to CPLR 3212, but is renewed from a motion brought under CPLR 3213. Plaintiff has met its burden under both provisions (*see Allied Irish Banks, PLC v Young Men's Christian Ass'n of Greenwich*, 36 Misc 3d 216, 222 [Sup Ct, NY County 2012], *affd sub nom. Allied Irish Banks, P.L.C. v Young Men's Christian Ass'n of Greenwich*, 105 AD3d 516 [1st Dept 2013] [noting that the standard for summary judgment under each statute is the same aside from the more stringent "instrument for payment of money only" requirement under CPLR 3213]).

Pursuant to CPLR 3213, a plaintiff makes out a prima facie case for summary judgment in lieu of a complaint by submitting proof of an instrument "for the payment of money only or upon any judgment," and the defendants' failure to make payment according to its terms (*see Seaman-Andwall Corp. v Wright Mach. Corp.*, 31 AD2d 136, 137 [1st Dept 1968]; *Oak Rock Fin., LLC v Rodriguez*, 148 AD3d 1036, 1039 [2d Dept 2017]).

An "instrument for the payment of money only" is one that "requires the defendant to make a certain payment or payments and nothing else" (*Seaman-Andwall Corp.*, 31 AD2d at 137; *Weissman v Sinorm Deli, Inc.*, 88 NY2d 437, 444 [1996]). A "guarantee qualifies as an 'instrument for the payment of money only' under CPLR 3213" (*Torres & Leonard, P.C. v Select Professional Realties, Ltd.*, 118 AD2d 467, 468 [1st Dept 1986]; *State Bank of India, New York Branch v Patel*, 167 AD2d 242, 243 [1st Dept 1990]). "On a motion for summary judgment to enforce an unconditional guaranty, the creditor must prove the existence of the guaranty, the underlying debt and the guarantor's failure to perform under the guaranty" (*Davimos v Halle*, 35 AD3d 270, 272 [1st Dept 2006]). "Once the plaintiff submits evidence

**653658/2023   WHITE MATTER HOLDING LIMITED vs. ABUBAKER, UMAIS ET AL**
**Motion No.  004**

**Page 2 of 4**

establishing its prima facie case, the burden then shifts to the defendant to submit evidence establishing the existence of a triable issue of fact with respect to a bona fide defense" (*Griffon V. LLC v 11 East 36th, LLC*, 90 AD3d 705, 707 [2d Dept 2011]).

White Matter has established a prima facie case for summary judgment pursuant to CPLR 3212 and 3213 by demonstrating that Defendants executed unconditional guaranties that unconditionally and irrevocably guaranteed the payment and performance of HYLA UK's obligations under the settlement agreement (NYSCEF 78-80), and that Defendants have failed to pay after receiving written notice (NYSCEF 76 ¶¶ 8-9). The guaranties further provide that "Guarantor agrees to pay all duly documented costs, expenses and fees, including all reasonable attorneys' fees, which may be incurred by White Matter in enforcing…this Guarantee" (NYSCEF 78-80 § 11). Defendants have submitted no evidence demonstrating a triable issue of fact.

Plaintiff also seeks pre-judgment interest pursuant to CPLR 5004 running from July 1, 2023. On June 5, 2023, Plaintiff made a written demand to each Defendant alerting them that HYLA UK had defaulted on its first payment obligation, such that the entire amount owed would be accelerated on July 1, 2023 under the terms of the settlement agreement if no payment was forthcoming from HYLA UK or Defendants (NYSCEF 8-10, NYSCEF 77 [Settlement Agreement] § 9.1). Accordingly, Plaintiff is entitled to pre-judgment interest running from July 1, 2023.

Accordingly, it is

**ORDERED** that Plaintiff's renewed motion for summary judgment is **granted**; it is further

**653658/2023   WHITE MATTER HOLDING LIMITED vs. ABUBAKER, UMAIS ET AL**
  **Motion No.  004**

**Page 3 of 4**

3 of 4

**ORDERED** that the Clerk of the Court is directed to enter judgment in favor of Plaintiff White Matter Holding Limited and against Defendants Umais Abubaker, Huzaifa Abubaker, and Global Investment Holdings Limited, jointly and severally, in the amount of $7,500,000, with pre-judgment interest at 9% per annum running from July 1, 2023 through entry of judgment as calculated by the Clerk, together with reasonable attorney's fees, costs, and disbursements, to be taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

**ORDERED** that Plaintiff may submit its application for attorneys' fees with supporting documentation within 14 days of the date of this order, and any objections by Defendants must be filed within 7 days thereafter.

This constitutes the decision and order of the Court.

20250430171526JMCOHEN2C9AB4111E9B47A98EBBF416C69FF8AB

| 4/30/2025 | | JOEL M. COHEN, J.S.C. |
| --- | --- | --- |
| **DATE** | | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | X | GRANTED | | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**653658/2023   WHITE MATTER HOLDING LIMITED vs. ABUBAKER, UMAIS ET AL**
**Motion No.  004**

**Page 4 of 4**