**FG Intl. Group Inc. v Fidia Capital, LLC**

2025 NY Slip Op 31892(U)

May 22, 2025

Supreme Court, New York County

Docket Number: Index No. 650073/2025

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

---------------------------------------------------------------------------------X

FG INTERNATIONAL GROUP INC.,

Plaintiff,

- v -

FIDIA CAPITAL, LLC, FABRIZIO ARENGI BENTIVOGLIO

Defendants.

---------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650073/2025 |
| **MOTION DATE** | 01/07/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36

were read on this motion for          SUMMARY JUDGMENT IN LIEU OF COMPLAINT          .

Plaintiff FG International Group, Inc. ("FG" or "Plaintiff") seeks an award of summary

judgment in lieu of complaint under CPLR 3213 against Defendants Fidia Capital, LLC ("Fidia"

or "Borrower") and Fabrizio Arengi Bentivoglio ("Arengi," or "Guarantor") in the amount of

$3,564,300 representing the aggregate principal and interest alleged to be due as of September

28, 2024 under a Secured Promissory Note ("Note") issued by Borrower to Plaintiff's

predecessor-in-interest, plus contractual default interest of 24% per annum on the principal sum

of $3,270,000 from September 28, 2024 until payment in full, statutory interest on a missed

interest payment of $294,300 from September 28, 2024 through entry of judgment, and

Plaintiff's costs of enforcement, including attorneys' fees.  For the reasons stated below,

Plaintiff's motion is **denied.**

Pursuant to CPLR 3213, a plaintiff makes out a prima facie case for summary judgment

in lieu of a complaint by submitting proof of an instrument "for the payment of money only or

**650073/2025   FG INTERNATIONAL GROUP INC. vs. FIDIA CAPITAL, LLC ET AL**
**Motion No.  001**

**Page 1 of 5**

1 of 5

upon any judgment," and the defendants' failure to make payment according to its terms (*see Seaman-Andwall Corp. v Wright Mach. Corp.*, 31 AD2d 136, 137 [1st Dept 1968]; *Oak Rock Fin., LLC v Rodriguez*, 148 AD3d 1036, 1039 [2d Dept 2017]).

An "instrument for the payment of money only" is one that "requires the defendant to make a certain payment or payments and nothing else" (*Seaman-Andwall Corp.*, 31 AD2d at 137; *Weissman v Sinorm Deli, Inc.*, 88 NY2d 437, 444 [1996]). "It is well settled that a promissory note, as an instrument for the payment of money only, is entitled to the expedited procedure detailed in CPLR 3213" (*R-H-D Const. Corp. v Miller*, 222 AD2d 802, 803 [3d Dept 1995]). Likewise, a "guarantee qualifies as an 'instrument for the payment of money only' under CPLR 3213" (*Torres & Leonard, P.C. v Select Professional Realties, Ltd.*, 118 AD2d 467, 468 [1st Dept 1986]; *State Bank of India, New York Branch v Patel*, 167 AD2d 242, 243 [1st Dept 1990]). "On a motion for summary judgment to enforce an unconditional guaranty, the creditor must prove the existence of the guaranty, the underlying debt and the guarantor's failure to perform under the guaranty" (*Davimos v Halle*, 35 AD3d 270, 272 [1st Dept 2006]). "Once the plaintiff submits evidence establishing its prima facie case, the burden then shifts to the defendant to submit evidence establishing the existence of a triable issue of fact with respect to a bona fide defense" (*Griffon V. LLC v 11 East 36th, LLC*, 90 AD3d 705, 707 [2d Dept 2011]).

Here, Plaintiff has established a prima facie case for summary judgment pursuant to CPLR 3213 by demonstrating that (i) Defendant Fidia Capital, LLC executed a Secured Promissory Note in an amount of up to $3,270,000.00 in favor of FG South Building, LLC (NYSCEF 6 ["Note"]), which assigned its interest therein to Plaintiff FG International Group, Inc. (NYSCEF 5), (ii) the Note contains unconditional promises to repay in accordance with its terms (NYSCEF 6 §§ 2, 3, 11.8, at 4, 13), (iii) Defendant Arengi executed a guaranty, which

**650073/2025  FG INTERNATIONAL GROUP INC. vs. FIDIA CAPITAL, LLC ET AL**
**Motion No.  001**

**Page 2 of 5**

2 of 5

unconditionally and irrevocably guaranteed the punctual payment and performance of the Note (NYSCEF 7 § 1), and (iv) Fidia defaulted on the Note and Fidia and Arengi have failed to repay the full amounts due under the Note and guaranty (NYSCEF 4 [Ghoulam Aff.] ¶¶ 19-21).

Defendants' argument that summary judgment pursuant to CPLR 3213 is inappropriate because the Note lists multiple sums as the value of the September 2021 loan fails. The Note lists the "Principal Sum" as "TREE MILLIONS TWO HUNDRED SEVENTY THOUSAND AND 00/100 DOLLARS ($3,7300,000.00) [sic] [,]" defines "LOAN" as $3,300,000.00, but elsewhere states that Borrower "pays the first year of interest equal to USD 270,000.00 adding the amount to the Loan to reach the total amount of 3,270,000.00 (USD 3,000,000.00 plus USD 2,270,000.00) [sic]" (NYSCEF 6 at 2; *id.* §§ 3, 5). While the sum of $3,270,00.00 is recited in both the guaranty and pledge agreement executed in connection with the Note (NYSCEF 7 and 19, respectively), the Court need not resort to these documents to resolve the discrepancy because Arengi himself has done so. In a related case before this Court, Arengi stated in a sworn affirmation that "Fidia and I received three loans from [Plaintiff's principal] and [Plaintiff's predecessor-in-interest] in September 2021…February 2022… and on April 22, 2022…The respective amounts of the Loans are $3,270,000, $1,199,000, and €6,930,000" (NYSCEF 24 ¶¶ 3-4; *see Fernandez v VLA Realty, LLC*, 45 AD3d 391 [1st Dept 2007] [a party's self-serving statements that contradict its prior testimony are insufficient to raise a triable issue of fact to defeat summary judgment]).

Defendants do, however, raise disputed issues of fact as to whether they have defaulted. They argue that, notwithstanding the directive in the Note that interest payments shall be paid directly to the noteholder (NYSCEF 6 at pp. 4, § 3), the parties' course of performance was that Defendants would send interest payments to Arengi's former attorney, Enrico Tabellini, who

**650073/2025   FG INTERNATIONAL GROUP INC. vs. FIDIA CAPITAL, LLC ET AL**
**Motion No.  001**

**Page 3 of 5**

[* 3]

would then transfer the funds to Plaintiff or its principal (NYSCEF 17 [Ghoulam Deposition Transcript] at 54:5-55:11). Defendants assert that Mr. Tabellini was holding $14,000,000.00 of Defendants' funds to be used for loan payments to Plaintiff, but Plaintiff instructed Tabellini not to allow Defendants to use these funds for interest payments (NYSCEF 26 [Arengi Aff.] ¶¶ 27-29). In Arengi's view, this was a conspiracy "to harm me financially and personally by stealing Fidia's $14 million[,] but still seeking full payment on the Loans" (*id.* ¶ 34). Though Arengi does not expressly argue in connection with this motion that Tabellini is acting as Plaintiff's agent, Arengi does so in the contemporaneously filed related action before this Court, *Ghoulam et al. v Bentivoglio et al.*, Index Number 650061/2025 (*see generally* NYSCEF 79 in Index Number 650061/2025 [Arengi's Memorandum of Law in Opposition to Plaintiff's Motion for Interim Relief]).

In both actions, Defendants support their theory by pointing to provisions in the pledge agreements executed in connection with the various loans, which list Tabellini and Plaintiff's manager, Pierrick Reynard, as the recipient of notice on behalf of the lender (NYSCEF 19-21 § 7). Whether the theory is that Defendants did not default because they paid Tabellini in his capacity as Plaintiff's agent, or that Plaintiff is otherwise acting in bad faith to avoid receiving payment, there is a factual dispute that cannot be resolved summarily on the present record.

Accordingly, it is

**ORDERED** that Plaintiff's motion for summary judgment in lieu of complaint is **denied**; it is further

**ORDERED** that this matter proceed as a plenary action and that the moving and answering papers on Plaintiff's motion for summary judgment in lieu of complaint be deemed the complaint and answer, respectively, pursuant to CPLR 3213; and it is further

650073/2025   FG INTERNATIONAL GROUP INC. vs. FIDIA CAPITAL, LLC ET AL
Motion No.  001

Page 4 of 5

**ORDERED** that the parties appear for a telephonic preliminary conference on June 3, 2025 at 11:30 a.m., with the parties circulating dial-in information to chambers at sfc-part3@nycourts.gov in advance of the conference.[1]

This constitutes the decision and order of the Court.

<table>
<tr><td>2025052215143014MC0HEN9FDA6258597842189A6E64B8F8FCE083</td></tr>
</table>

| **5/22/2025** | | **JOEL M. COHEN, J.S.C.** |
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| | | GRANTED | x DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

---

[1] If the parties agree on a proposed preliminary conference order in advance of the conference date (consistent with the guidelines in the Part 3 model preliminary conference order, available online at https://www.nycourts.gov/LegacyPDFS/courts/comdiv/NY/PDFs/Part3-Preliminary-Conference-Order.pdf), they may file the proposed order and email a courtesy copy to chambers with a request to so-order in lieu of holding the conference.

**650073/2025  FG INTERNATIONAL GROUP INC. vs. FIDIA CAPITAL, LLC ET AL**   **Page 5 of 5**
**Motion No.  001**

5 of 5

[* 5]